## SALT LAKE CITY v. KUSSE.

No. 6020.   Decided December 31, 1938.   (93 P. 2d 671.)

On Rehearing September 8, 1939.

*Frank Armstrong,* of Salt Lake City, *W. Douglas Allen,* of Murray, and *A. Pharis Johnson,* of Grantsville, for appellant.

*Fisher Harris,* City Atty., and *E. R. Christensen* and *Gerald Irvine,* Asst. City Attys., all of Salt Lake City, for respondent.

For original opinion see 97 Utah 97, 85 P. 2d 802.

WOLFE, Justice.

Appellant was tried and convicted in the City Court of Salt Lake City for a violation of Section 1379, Revised Ordinances of Salt Lake City 1934, which prohibits driving an automobile while under the influence of intoxicating liquor.

On appeal to the Third Judicial District Court a trial de novo was held and defendant found guilty and again sentenced. Appellant seeks here a reversal of that judgment of conviction, on the ground that the ordinance in question is invalid as not within the permitted limitations of Revised Statutes of Utah 1933, Title 57, as amended by Laws of Utah 1935, Chap. 48. This question was raised by demurrer and motion to quash in the District Court where the demurrer was overruled and the motion denied. The action of the court is assigned as error.

Section 1379, Rev. Ord. Salt Lake City 1934, is as follows:

"It shall be unlawful for any person who is an habitual user of narcotic drugs, or any person who is under the influence of intoxicating liquor or narcotic drugs, to drive any vehicle upon any street within this city. Every person convicted of a violation of this section shall be punished by imprisonment in the city jail for not less than thirty days nor more than six months, or by a fine of not less than $100.00 or more than $299.00, or by both such fine and imprisonment. On a second or subsequent conviction he shall be punished by imprisonment for not less than ninety days nor more than six months, and in the discretion of the court a fine of not more than $299.00."

This ordinance is identical with R. S. U. 1933, Sec. 57-7-14, except that the statute applies to "any highway within this state"; provides for imprisonment "in the county or municipal jail"; and the punishment provided for a second offense is imprisonment "for not less than ninety days nor more than one year, and, in the discretion of the court, by a fine of not more than $1000."

Appellant's position is that the statute applies throughout the state and makes invalid any ordinance covering the subject matter as being necessarily in conflict with the statute and this ordinance in particular is in conflict since it provides a different punishment for a second offense.

The analysis may be divided into two parts: (1) does the city have power under its general powers to pass an ordinance prohibiting driving while under the influence of intoxicating liquor; and (2) if so, does Sec. 57-7-14, R. S. U.

1933, prevent the city from prohibiting such driving by the ordinance here involved?

1. The powers of municipalities as related to this subject matter are contained in the statutes as follows (Sec. 15-8-30, R. S. U. 1933):

"They may regulate the *movement of traffic* on the streets, sidewalks and public places, including the movement of pedestrians as well as of vehicles, and the cars and engines of railroads, street railroads and tramways, and may prevent racing and immoderate driving or riding." (Italics added.)

Section 15-8-84 provides:

"They may pass all ordinances and rules, and make all regulations, not repugnant to law, necessary for carrying into effect or discharging all powers and duties conferred by this chapter, and such as are necessary and proper to provide for the safety and preserve the health, and promote the prosperity, improve the morals, peace and good order, comfort and convenience of the city and the inhabitants thereof, and for the protection of property therein; and may enforce obedience to such ordinances with such fines or penalties as they may deem proper; provided, that the punishment of any offense shall be by fine in any sum less than $300 or by imprisonment not to exceed six months, or by both such fine and imprisonment."

There may be some question whether Sec. 15-8-30 does not pertain only to the regulation of the actual movement of traffic and the actual prevention of racing and immoderate driving; that is, whether the section permits only the operation on these acts as they occur without giving power to prevent an act or a condition which itself, if permitted, might affect the movement of traffic or be likely to result in racing or immoderate driving. While this seems a narrow construction, it need not now be decided because we think Section 15-8-84, R. S. U. 1933, definitely permits the city to pass an ordinance to prevent driving while under the influence of intoxicating liquors. In the cases of *People* v. *Ekstromer,* 71 Cal. App. 239, 235 P. 69, 71 and *People* v. *Dingle,* 56 Cal. App. 445, 205 P. 705 (cited with approval in the opinion of Mr. Justice Folland in *State* v. *Johnson,* 76

Utah 84, 287 P. 909) it was held that the intoxicating liquor taken by defendant must have affected adversely his ability to drive. Under such definition of the "influence of intoxicating liquor" the prohibition of such person's propelling or driving a car is definitely and closely related to the safety of the inhabitants and the preservation of property. It comes under the principle laid down in *Wadsworth* v. *Santaquin City*, 83 Utah 321, 28 P. 2d 161, which held as follows, 28 P. 2d at page 171:

"* * * That a city organized and operating under general law may possess and exercise only the powers granted in express words and such as are necessarily or fairly implied in, or incident to, the powers expressly granted, or those essential to the declared objects and purposes of the corporation not merely convenient but indispensable."

Section 1379, Rev. Ordinances of Salt Lake City 1934, was within the powers conferred on cities by Sec. 15-8-84, R. S. U. 1933. The case of *Salt Lake City* v. *Sutter*, 61 Utah 533, 216 P. 234, is distinguished on the very ground on which that case was put. There was nothing in the statutes which gave the city power to prohibit possession of intoxicating liquors. There was power to pass an ordinance to prevent the sale, disposition, and manufacture of intoxicating liquors; but as there said the power to prohibit possession could not be inferred from the power to prohibit sale because it was not necessary to accomplish such prohibition nor was it fairly implied as an incident of such power.

Does Sec. 57-7-14, R. S. U. 1933, being of state wide application and designed to prevent driving anywhere in the state while under the influence of intoxicating liquor, prevent the enactment of an ordinance preventing in the cities the same thing?

The solution of this question depends on the following principles: An ordinance dealing with the same subject as a statute is invalid only if prohibited by the statute or inconsistent therewith. *Covey Drive Yourself* v. *City of Portland*, 157 Or. 117, 70 P. 2d 566, 569; *Clayton* v. *State*, 38 Ariz. 466, 300 P. 1010; *State* v. *Cook*, 84 Mont. 478,

276 P. 958, 961; *Eanes* v. *City of Detroit,* 279 Mich. 531, 272 N. W. 896; *Kizer* v. *City of Mattoon,* 332 Ill. 545, 549, 164 N. E. 20; *Hack* v. *Mineral Point,* 203 Wis. 215, 221, 233 N. W. 82; *Ex parte Snowden,* 12 Cal. App. 521, 525, 107 P. 724, *Sims* v. *Martin,* 33 Ga. App. 486, 126 S. E. 872. But see *Marshall* v. *City of Griffin,* 173 Ga. 782, 161 S. E. 622.

There is nothing in Title 57 which expressly prohibits the passage of ordinances directed against driving while under the influence of intoxicating liquors. In fact, there are provisions in that act which would appear to grant permission to pass ordinances not inconsistent with the act. Sec. 57-7-74, as amended by Chapter 48, Laws of Utah 1935, recites:

"It is a misdemeanor for any person to violate any of the provisions of this title or of a municipal or county ordinance complying with or within the terms of this title, unless such violation is by this title or other law declared to be a felony."

Section 57-7-6, as amended by Laws of Utah 1935, Chapter 48, reads in part as follows:

"Local authorities, except as expressly authorized, shall have no power or authority to alter any of the regulations declared in this chapter, or to enact or enforce any rule or regulations contrary to the provisions of this chapter, except [as next indicated] * * *."

The exception deals with matters such as parking of vehicles, regulating traffic by semaphores or traffic officers, providing for one way traffic, and regulation of processions or assemblages or speed in parks. It will be noted that the inhibition is against "altering any of the regulations" or against "enacting or enforcing any rule or regulation *contrary* to the provisions" of the chapter. (Italics added.) Then follow special exceptions where there may be contrary regulations. Certainly Sec. 57-7-6 did not prohibit any ordinance consistent with and not contrary to the provisions of Title 57. It expressly permitted inconsistent and contrary regulations in certain matters to be made by the city.

In *Quillin* v. *Colquhoun,* 42 Idaho 522, 247 P. 740, it was held, 247 P. at page 743:

"By prohibiting the passage of other ordinances inconsistent with the provisions of the act, the statute thereby expressly grants the right to make ordinances not inconsistent with the statute."

We see nothing inconsistent between that part of the ordinance which prohibits driving while under the influence of liquor and the provisions of Title 57.

" 'In determining whether an ordinance is in "conflict" with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa.' *Village of Struthers* v. *Sokol,* 108 Ohio St. 263, 140 N. E. 519. Judged by such a test, an ordinance is in conflict if it forbids that which the statute permits." *State* v. *Carran,* 133 Ohio St. 50, 11 N. E. 2d 245, 246.

"The statute, as well as the ordinance, in the case at bar, is prohibitory, and the difference between them is only that the ordinance goes farther in its prohibition—but not counter to the prohibition under the statute. The city does not attempt to authorize by this ordinance what the Legislature has forbidden; nor does it forbid what the Legislature has expressly licensed, authorized, or required. * * * Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not be deemed inconsistent because of mere lack of uniformity in detail. *Bodkin* v. *State* [132 Neb. 535] 272 N. W. 547; City of *Mobile* v. *Collins,* 24 Ala. App. 41, 130 So. 369". *Fox* v. *City of Racine,* 225 Wis. 542, 275 N. W. 513, 515.

"There is no question in the instant case that the rule of conduct established by the ordinance does not contravene the state law, in that it does not make it less stringent or relax it." *Brennan* v. *Recorder of Detroit,* 207 Mich. 35, 38, 173 N. W. 511, 512.

See Berry on Automobiles, 6th Ed., Secs. 97 and 98; *United States Fidelity and Guaranty Co.* v. *Guenther,* 281 U. S. 34, 36, 50 S. Ct. 165, 166, 74 L. Ed. 683, 72 A. L. R. 1064; *Somerville* v. *Keeler,* 165 Miss. 244, 254, 145 So. 721.

We have carefully considered the authorities on which appellant so strongly relies. Some have already been averted to. *Clayton* v. *State,* 38 Ariz. 135, 297 P. 1037, held that the city of Phoenix was not authorized to enact an ordinance

prohibiting drunken driving. On rehearing, 38 Ariz. 466, 300 P. 1010, the court said that:

"If the Legislature had not in the Highway Code taken over and appropriated to itself, *to the exclusion of others*, the power and right to prescribe the qualifications of motor vehicle drivers, and to punish them for driving while under the influence of intoxicating liquor, we would be inclined to hold that a city could, under the general welfare clause, legally legislate on the subject." (Italics added.)

The court went on to observe that such an ordinance "might be legally incorporated into the city's ordinances, notwithstanding it is a state law, if the charter or the general laws affecting the powers of cities authorized it. It is not a novelty in the law to find the same act punishable by statute and by city ordinance." It should be noted that the Arizona court was not construing the sections of the Uniform Act Regulating Traffic on Highways which are before us. That court was considering an act which, as it said, "appropriated the field" and "to the exclusion of others" by setting out specifically, throughout the act, the precise powers of local authorities with reference to each subject dealt with. There was in that act no section recognizing the rules, regulations (or ordinances) of local authorities if not "contrary to the provisions" of the act as in our statute. And that court recognized, as do we, that a general grant of power to cities will support an ordinance prohibiting driving automobiles while under the influence of liquor.

*State* v. *Mandehr;* 168 Minn. 139, 209 N. W. 750, is the inverse of the case at bar. There a statute (Laws 1925, c. 416, § 26) prohibited ordinances in respect to or "limiting the use or speed of motor vehicles" and the court merely held that prohibiting driving a motor vehicle while in an intoxicated condition "limited the use of motor vehicles." [page 751].

In *Fargo* v. *Glaser*, 62 N. D. 673, 244 N. W. 905, the court found no authority in the city to enact an ordinance relating to driving while intoxicated unless it was implied from the

provisions of the Motor Vehicle Act such as we have considered, supra. Here the power under which Salt Lake City acted was derived not from the Motor Vehicle Act but from general laws governing cities and towns. The decision was 3 to 2 and the dissenting opinion approached the question as we do. It found that the city was authorized to prohibit drunken driving (although the statutes there more doubtfully granted such power than do ours) and then found that the Motor Vehicle Act invalidated only inconsistent ordinances and that there was no conflict between the ordinance and the statute covering the same subject. It is our view that the city's power is derived, not from the Motor Vehicle Act, but from the general statutes and that the Motor Vehicle Act makes void all ordinances, otherwise lawful, which conflict with and constitute a barrier to the enforcement of the uniform state law.

*Helmer* v. *Superior Court,* 48 Cal. App. 140, 191 P. 1001, relates to driving while under the influence of intoxicating liquors and is a much cited case. It was decided in 1920 and did not arise under statutes such as are before us. And the problem that the court dealt with was a constitutional provision which made ordinances paramount to state law if they related to "municipal affairs." The court was therefore impelled to lean against interpreting anything as a "municipal affair" where uniformity was required. The court was confronted with an ordinance, upholding which would make a checkerboard of regulations in California when the Motor Vehicle Act plainly contemplated uniformity. The court held that driving while intoxicated was a state problem, saying, 191 P. at page 1003:

"It is true that the ordinances of a city are supreme in 'municipal affairs.' But the act charged against petitioner is not a 'municipal affair.' This is so even if the claim is sound that ordinances designed to control the use of streets prevail over general laws. The act of driving a motor vehicle while under the influence of intoxicating liquors is of no immediate or special concern to the city as such. It is of general concern to the inhabitants of a city in common with all other residents of the state. * * *

"While it is more dangerous in a crowded street, it is so only because there are more persons to be injured, but as to each person it is but slightly more dangerous than to one of the smaller number in a less crowded locality. Speeding is dangerous because of the locality. The drunken driver is a danger in any locality, if there are persons present to be injured.

"The fact that he is a menace to life and to private property justifies the state in prescribing penalties for the act, just as it may do for violations of general sanitary, health and comfort laws."

It is admitted here that the Motor Vehicle Act applies uniformly throughout the State of Utah. We are at liberty to construe a city's prohibiting driving on its streets while under the influence of intoxicating liquor as a municipal affair without being confronted with a constitutional provision which would make a municipal ordinance in this regard superior to a state statute.

We need not consider the portion of Ordinance 1379 which deals with a second offense for it does not appear that such provision affects this case. If such provision is inconsistent with the provisions of Title 57, it is easily severable. Appellant's demurrer was properly overruled and his motion to dismiss properly denied.

The judgment of the district court is affirmed.

FOLLAND, C. J., concurs.

## On Rehearing.

WOLFE, Justice.

With four members of the court only participating, two opinions reaching opposite conclusions each adhered to by two members of the court were handed down on December 31, 1938. *Salt Lake City* v. *Kusse,* 97 Utah 97, 85 P. 2d 802. In consequence, no prevailing decision of the court was rendered and, therefore, the case was set for reargument.

The court as now constituted having considered the cause, concludes by majority concurrence that the opinion handed down by the writer in the former case should stand as the opinion of the court in this cause.

The judgment of the District Court is therefore affirmed.

McDONOUGH and PRATT, JJ., concur.

LARSON, Justice (dissenting).

I dissent for the reasons stated in my opinion heretofore filed in this cause on December 31, 1938. (For dissenting opinion, see 97 Utah 97, 85 P. 2d 806.)

MOFFAT, Chief Justice.

I concur in the views expressed by Mr. Justice LARSON.