**LAYTON CITY, Plaintiff and Respondent,**

v.

**Ferrin Douglas GLINES, Defendant and Appellant.**

**No. 16659.**

Supreme Court of Utah.

Aug. 6, 1980.

Tom Jones, Salt Lake City, for defendant and appellant.

C. Bruce Barton, Layton City Atty., Layton, for plaintiff and respondent.

MAUGHAN, Justice:

The defendant appeals his conviction for driving under the influence of alcohol in

---

violation of Section 41–6–44, Layton Municipal Code. We affirm. Unless otherwise specified all statutory references are to Utah Code Annotated, 1953, as amended.

· The defendant, Ferrin Douglas Glines, was convicted in the Circuit Court of the State of Utah in and for Layton, Utah, of driving under the influence of alcohol. The prosecution was based upon the defendant's violation of Section 41–6–44, Layton Municipal Code. The judgment was upheld by the District Court and the defendant initiated a direct review by this Court of the constitutional validity of the pertinent section of the Layton Municipal Code.[1]

■ The defendant avers the conviction should be reversed because the municipality of Layton exceeded its authority in enacting an ordinance prohibiting driving under the influence of alcohol. Specifically, the defendant contends the state legislature's interim repeal of 41–6–43, which granted express authority to municipal governments to enact legislation prohibiting driving under the influence of alcohol, eliminated the municipality's authority to enact the ordinance in question and thus rendered it invalid.[2]

Notwithstanding the absence of a specific legislative grant of authority to enact ordinances dealing with the problems of driving under the influence of alcohol, this Court has recognized such authority in the general police power of the municipality as codified in 10–8–84.[3] This general authority is supplemented in the present legislative scheme by 41–6–16 which allows municipalities to enact rules and regulations consistent with the Traffic Rules and Regulations Act. Thus, adequate legislative authorization exists for the municipality's enactment of the specific ordinance in question.

1. See Article VIII, Section 9, Utah Constitution.

2. Although repealed during the time of this incident, 41–6–43 has been reenacted.

3. See *Salt Lake City v. Kusse*, 97 Utah 113, 93 P.2d 671 (1938); As Justice Wolfe explained in *Kusse*: ". . . Section 15–8–84, R.S.U. 1933, (which is now 10–8–84), definitely per-

■ However, the defendant, also, contends this ordinance is in conflict with the state's regulation and therefore unenforceable. In relation to the question of conflict between municipal and state legislation we explained in *Kusse*:

" 'In determining whether an ordinance is in "conflict" with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa.' . . ."[4]

In the present case the city ordinance does not permit or license any act which is prohibited by the general laws. Rather, the municipal ordinance differs from the state regulation only in the absence of any provisions dealing with subsequent convictions for driving under the influence of alcohol and penalties prescribed for inflicting personal injuries while operating the vehicle in a proscribed manner.

The fact the municipal ordinance does not encompass all the proscriptions of the state regulation does not render it in conflict with that statute.[5] Although the scope of the municipal ordinance is more limited than the state statute, the provisions common to both are consistent and lawfully enforceable by the municipality.

Thus, the municipality had sufficient authorization to enact an ordinance dealing with driving under the influence of alcohol and the provisions of that ordinance, although not as extensive as those found in the state statute, are not in conflict with that statute and thus lawfully enforceable. Therefore, the defendant's conviction must be affirmed.

CROCKETT, C. J., and HALL, WILKINS and STEWART, JJ., concur.

mits the city to pass an ordinance to prevent driving while under the influence of intoxicating liquors." 93 P.2d at 672.

4. Id., 93 P.2d at 673.

5. See *Salt Lake City v. Allred*, 20 Utah 2d 298, 437 P.2d 434, 437 (1968).