2006 UT 69

**SALT LAKE CITY, Plaintiff and Respondent,**

v.

**Gary Allen NEWMAN, Defendant and Petitioner.**

**No. 20050505.**

Supreme Court of Utah.

Nov. 7, 2006.

Aaron W. Flater, Salt Lake City, for plaintiff.

Debra Meek Nelson, Teresa L. Welch, Samuel P. Newton, Salt Lake City, for defendant.

PARRISH, Justice:

¶1 Petitioner Gary Newman asks this court to hold that a municipal ordinance is invalid when it implicitly conflicts with a state statute. Specifically, Newman challenges a Salt Lake City battery ordinance because it lacks an injury element found in the corresponding state statute. Without an injury element, the ordinance arguably prohibits that which the state statute implicitly permits: a battery that does not involve injury or risk of injury. We conclude that such an implied conflict does not render an ordinance unconstitutional. Because we discern no actual conflict between the ordinance and the statute, we uphold the ordinance.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Newman was charged with battery under Salt Lake City Code section 11.08.020 (the "ordinance"). Newman moved to dismiss the charge, arguing that the ordinance unconstitutionally conflicts with the state assault statute because it lacks the injury element found in the statute. Utah Code Ann. § 76–5–102(1)(c) (2002). After the Salt Lake City Justice Court denied his motion, Newman filed a rule 65B petition for extraordinary relief in the Third District Court, which was subsequently denied.

¶3 Newman then continued his challenge to the ordinance in the court of appeals. In a decision that produced three separate opinions, the court of appeals affirmed and upheld the ordinance as constitutional. *Salt Lake City v. Newman,* 2005 UT App 191, ¶17, 113 P.3d 1007. Judge Jackson, the author of the plurality decision, concluded that the ordinance does not conflict with the state assault statute, although it "share[s] a common purpose [with the statute] and [is] closely related in subject matter," because it "[does] not forbid that which [is] licensed or permitted by the state." *Id.* ¶¶ 15–16 (citation and quotations omitted). While Judge Thorne had reservations about Judge Jackson's analysis of certain procedural issues, he concurred in Judge Jackson's conflicts analysis concerning the constitutionality of the ordinance. *Id.* ¶28 (Thorne, J., concurring and dissenting). Judge Davis dissented from Judge Jackson's conflicts analysis, finding an unconstitutional conflict between the ordinance and the statute. *Id.* ¶18. He reasoned that the ordinance prohibits conduct permitted under the assault statute because "a person could be convicted of battery under the ordinance for bodily contact that under the statute would be considered innocuous." *Id.* ¶20 (Davis, J., concurring in part, dissenting in part).

¶4 Newman sought further review in this court, and we granted certiorari to determine whether the ordinance unconstitutionally conflicts with Utah Code section 76–5–102(1). We have jurisdiction pursuant to Utah Code section 78–2–2(5).

## ANALYSIS

■ ¶ 5 "On certiorari, we review the court of appeals' decision for correctness and grant no deference to its conclusions of law." *State v. Orr,* 2005 UT 92, ¶ 7, 127 P.3d 1213 (citation omitted). Specifically, we focus our review on the court of appeals' conclusion that the ordinance does not impermissibly conflict with Utah Code section 76-5-102. We consider applicable precedent and hold that the implied conflict on which Newman relies is an insufficient basis for striking down the ordinance. We therefore affirm the result reached by the court of appeals.

¶ 6 The ordinance defines battery as "any wilful and unlawful use of force or violence upon the person of another." Salt Lake City, Utah, City Code § 11.08.020. Newman argues that the ordinance unconstitutionally conflicts with Utah Code section 76-5-102(1)(c), which criminalizes acts "committed with unlawful force or violence, *that cause[ ] bodily injury to another or create[ ] a substantial risk of bodily injury to another.*" Utah Code Ann. § 76-5-102(1)(c) (2002) (emphasis added). Because the ordinance lacks the injury element found in the statute, Newman contends that it prohibits conduct implicitly permitted by the statute—a battery that does not result in injury or involve a substantial risk of injury. For example, Newman suggests that spitting and yelling are two acts that are criminalized by the ordinance but permitted by Utah Code section 76-5-102. We turn to relevant precedent to evaluate the merit of Newman's argument.

■ ¶ 7 We previously have explained that "where a city ordinance is in conflict with a state statute, the ordinance is invalid at its inception." *Hansen v. Eyre,* 2005 UT 29, ¶ 15, 116 P.3d 290 (citation omitted). In discerning conflict, "the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa." *Id.* (citation and quotations omitted). Newman argues that such a conflict exists here. We disagree.

■ ¶ 8 The type of conflict Newman identifies falls within the doctrine of implied conflict. While we have not explicitly rejected the doctrine of implied conflict, it is inconsistent with our prior case law. Indeed, we have reviewed and upheld ordinances that have implicitly conflicted with state statutes. For example, in *Salt Lake City v. Allred,* 20 Utah 2d 298, 437 P.2d 434, 436 (1968), the defendant argued that a prostitution ordinance was "in conflict with state laws and therefore invalid on the grounds that the ordinance attempt[ed] to make crimes of acts which [were] not crimes under the state laws." We rejected this argument, explaining that "[t]he mere fact that an act denounced as a crime under the ordinance ... is not denounced as a crime under the statute would not necessarily render the act under the ordinance inconsistent with the statute." *Id.; see also Redwood Gym v. Salt Lake County Comm'n,* 624 P.2d 1138, 1144 (Utah 1981) ("[C]onflict is not created by the fact that an ordinance denounces as unlawful an act upon which state law is silent."). In so holding, we have refused to equate the legislature's silence on a particular issue with an affirmative license. Rather, we have affirmed the right of municipalities to criminalize conduct not criminalized by the legislature, provided that such regulation "is in harmony with the state laws." *Allred,* 437 P.2d at 436.

¶ 9 Our decision in *Salt Lake City v. Kusse,* 97 Utah 113, 93 P.2d 671 (1938), provides additional guidance. In *Kusse,* the defendant challenged an ordinance that criminalized drunk driving on city streets as unconstitutionally conflicting with a state statute that prohibited drunk driving on state highways. *Id.* at 671–72. We upheld the ordinance, observing that it merely went further "in its prohibition—but not counter to the prohibition under the statute." *Id.* at 673. Importantly, we noted that the ordinance did not "forbid what the Legislature ha[d] *expressly* licensed, authorized, or required," suggesting a refusal to infer legislative license. *Id.* (emphasis added). We repeated this suggestion in *Redwood Gym v. Salt Lake County Commission,* where we reasoned that "local governments may legislate by ordinance in areas previously dealt with by state legislation, provided the ordinance in no way conflicts with existing state law (i.e., permitting that *expressly* prohibited by statute, or forbidding that *expressly*

permitted by statute)." 624 P.2d at 1144 (emphasis added).

¶ 10 We now explicitly reject the doctrine of implied conflict and hold that an ordinance is not unconstitutional merely because it implicitly conflicts with a state statute. We agree with the Oregon Supreme Court that

> [w]e cannot simply "assume" that, *by its silence,* the legislature intended to *permit* conduct made punishable under an ordinance. The state constitutional rights granted to the citizens of a municipality are not so easily discarded. When a local criminal ordinance prohibits conduct, unless the legislature has permitted that same conduct, *either expressly or under circumstances in which the legislative intent to permit that conduct is otherwise apparent,* the ordinance is not in conflict with state criminal law.

*City of Portland v. Jackson,* 316 Or. 143, 850 P.2d 1093, 1096 (1993) (third emphasis added). Therefore, in the absence of express conflict, we will uphold a challenged ordinance unless there is some indication of incompatibility with the state statutory scheme. Implied conflict alone does not render an ordinance unconstitutional; impermissible conflict instead arises when "provisions are contradictory in the sense that they cannot coexist." *Kusse,* 93 P.2d at 673.

¶ 11 We can identify no such impermissible conflict here. Salt Lake City enacted the ordinance pursuant to the legislature's express authorization that municipalities "may ... provide against and punish the offenses of assault and battery." Utah Code Ann. § 10–8–47 (2003). Newman has failed to show how the ordinance exceeds the scope of this authorization, *see, e.g., Salt Lake City v. Davison,* 27 Utah 2d 71, 493 P.2d 301, 302 (1972), or is otherwise incompatible with the relevant statutory framework. Additionally, Newman has failed to provide any evidence of "legislative intent to permit" a battery that does not result in injury or involve a substantial risk of injury. *Jackson,* 850 P.2d at 1096. The mere fact that the state battery statute does not criminalize such behavior does not suggest that the legislature intended to authorize such behavior. Rather, the legislature may have simply intended to leave the regulation of such behavior in the hands of

local governments, an intent entirely consistent with Utah Code section 10–8–47, the statute authorizing municipal regulation of assault and battery. As a result, we cannot conclude that the city ordinance unconstitutionally conflicts with Utah Code section 76–5–102.

## CONCLUSION

¶ 12 We affirm the court of appeals' conclusion that Salt Lake City Code section 11.08.020 does not impermissibly conflict with Utah Code section 76–5–102. We reject the doctrine of implied conflict and instead hold that an ordinance is not unconstitutional merely because it prohibits that which is implicitly permitted by a state statute, or vice versa. Rather, an ordinance triggers unconstitutional conflict only when it contradicts a statute "in the sense that [the two] cannot coexist." *Kusse,* 93 P.2d at 673 (citation omitted). Affirmed.

¶ 13 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice NEHRING concur in Justice PARRISH's opinion.