**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SUSI KONTGIS,

      Plaintiff - Appellant,

v.

SALT LAKE CITY CORPORATION;
RALPH BECKER; DAVID EVERITT;
RALPH CHAMNESS; DEBRA
ALEXANDER,

      Defendants - Appellees.

No. 15-4064
(D.C. No. 2:11-CV-01078-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **PHILLIPS**, and **MORITZ**, Circuit Judges.

Faced with a budget crunch, the city council in Salt Lake City tentatively

decided to eliminate various employee positions, including Susi Kontgis's. The

Mayor's Chief of Staff informed her of the development and advised her that the

council was likely to make a final call at an upcoming public meeting. Ms.

Kontgis knew that if she wanted to try to save her job she was free to attend the

meeting, free to address the council, and free to submit written materials. She

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

chose the final option and submitted a four page letter. In the end, though, her

efforts proved unpersuasive and the council's final action followed its tentative

course.

Since then Ms. Kontgis has tried repeatedly but unsuccessfully to undo the

city's decision. She tried an administrative appeal to the city's Employee

Appeals Board (EAB). She tried to appeal that decision to a state court. And

when neither of those efforts proved fruitful she tried a federal lawsuit. Before

the district court she alleged (among other things) that her layoff and its aftermath

violated the Utah and United States Constitutions. The court found these

arguments unavailing and granted summary judgment to the defendants. We are

now asked to reverse this judgment on appeal, but we don't see how we might.

Take first Ms. Kontgis's claim under the Utah Constitution. As relevant to

our dispute, a municipal law violates the Utah Constitution when it directly or

"expressly" conflicts with Utah statutory law — an indirect or "implicit[]"

conflict between municipal code and state statute will not do. *Salt Lake City v.

Newman*, 148 P.3d 931, 934 (Utah 2006). At the time of Ms. Kontgis's dismissal,

state statutory law afforded a municipal employee "discharged . . . for any

reason" the right to appeal to a review board like the EAB. Utah Code Ann. § 10-

3-1106 (2008). And as best we can tell from the papers before us, Ms. Kontgis

suggests that Salt Lake City flouted this state statutory mandate by limiting the

EAB's function as a matter of ordinance to the task of deciding whether the city

followed its own internal procedures when discharging an employee. Salt Lake City, Utah, Code § 2.24.060 (2009). In Ms. Kontgis's view, state law required Salt Lake and its EAB to afford her a more searching and substantive review than this.

But we just don't see the conflict Ms. Kontgis claims. To be sure, in § 2.24.060 Salt Lake City said that the EAB's "standard of review" should be limited to the task of determining whether the city followed its own discharge procedures. But Ms. Kontgis's briefs direct us to nothing in Utah state law *expressly* or *directly* stating that a city's appellate review board must provide anything more or different than this. If a direct or express conflict does exist, some other litigant in some other case will have to identify it for we haven't been pointed to it in this one.

Admittedly, Salt Lake City asks us to go a step further still. It asks us to hold that its limitation on the scope of the EAB's power is surely consistent with state law. But this step may be a step too far. State law does leave it up to cities to specify the appropriate "standard of review" for their employment appeals boards. Utah Code Ann. § 10-3-1106(7)(a) (2012). But in the name of defining the *standard* of review, Salt Lake's ordinance seems instead to constrain the EAB's *scope* of review — specifying *what* the EAB may consider rather than merely *how* much deference it should provide. *Franklin Sav. Ass'n v. Dir.*, *Office of Thrift Supervision*, 934 F.2d 1127, 1136 (10th Cir. 1991). Even so, little turns

on the point. For the dispositive question we face in this case isn't whether the city can show state law expressly permits the city's innovation, but whether Ms. Kontgis has shown state law expressly prohibits it. And that much she has not done.[1]

Turning to the U.S. Constitution, Ms. Kontgis contends that the city failed to provide her with constitutionally adequate due process before her layoff. By way of support, she points out that the Supreme Court has held that when a public employee enjoys a "property" interest in her employment, the government often must provide "some kind of a hearing" before dismissing her for disciplinary reasons. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542-43 (1985).

Here again, though, it seems plain to us that Ms. Kontgis received all the process she was due by law. Indeed, because the city council eliminated her

---

[1] Ms. Kontgis briefly alludes to the possibility that Salt Lake City's EAB procedures don't apply to her situation at all and thus, in this way, city law directly conflicts with state law because city law affords her no remedial process and state law clearly demands some. But as with her suggestion that the city's ordinance is unconstitutionally vague, and like the district court before us, we are given too little to go on here to permit an intelligent review of these questions. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28, 1130-31 (10th Cir. 2011). Conversely, we have no occasion to address the city's alternative argument that no conflict exists between state and city law because no state law applies to Ms. Kontgis's situation. The city suggests that state law guarantees remedial procedures only for "discharged" employees, that the term implies a firing for cause, and that Ms. Kontgis was merely "laid off" for budgetary reasons. Ms. Kontgis strongly disputes the city's definition of discharge. But we see no need to engage the parties' wordly war for, as we've explained, even assuming the state statute applies, Ms. Kontgis has not established a direct conflict between it and Salt Lake City's ordinance.

position for budgetary reasons rather than individualized disciplinary reasons it's unclear whether *Loudermill* and the procedures it demands even apply here. *Cf. Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915) (holding that individual land owners were not entitled to a hearing challenging a city's legislative enactment raising property taxes). But even assuming (without granting) Ms. Kontgis was entitled to the process *Loudermill* guarantees, she admits she had actual notice that the city council might eliminate her position. She admits that she knew she could argue against her layoff by attending the meeting. And she admits she was free to and did submit written materials to the council. So it is Ms. Kontgis had exactly the sort of notice and opportunity to be heard that *Loudermill* would require if it applied. *See* 470 U.S. at 546.

The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge