[No. 5057-2-III.   Division Three.   April 28, 1983.]

GLEN R. STOCKWELL, ET AL, *Respondents,* v. THE CITY OF RITZVILLE, ET AL, *Appellants.*

*Milton P. Sackmann* and *Miller, Sackmann & Kagele,* for appellants.

*Dennis W. Morgan* and *Cross & Morgan,* for respondents.

ROE, C.J.—The City of Ritzville appeals from a judgment declaring its zoning ordinance invalid. We affirm.

Glen R. and Glenda L. Stockwell petitioned for rezoning of land to allow a body and fender shop. The Ritzville City Council and Planning Commission denied their petition. In October 1981, the Stockwells appealed to the Superior Court and in addition sought a declaratory judgment concerning the validity of Ritzville City Ordinance 642 (the Ritzville zoning ordinance), which was enacted in February 1980.

The trial court declared the ordinance was invalidly enacted due to the Council's failure to comply strictly with the requirements of RCW 35.63.100. Specifically, the zoning map, incorporated by reference in the ordinance, was not certified as required by that statute. All parties agreed the map in use was the zoning map referred to in the ordinance.

Ritzville contends it substantially complied with RCW 35.63.100 and it was error to find it was necessary to comply strictly with the certification requirements of the enabling statutes to enact a valid zoning ordinance. When a council adopts a rezoning plan by resolution or ordinance, RCW 35.63.100 requires "[t]he original of any map or plat referred to or adopted by the resolution or ordinance of the council *shall likewise be certified* by the clerk of the city and filed by him." (Italics ours.) Here, a map was attached

to the plan, but it was never certified by the clerk.

■ We find this case is controlled by *Shelton v. Bellevue*, 73 Wn.2d 28, 39–40, 435 P.2d 949 (1968):

> There can be no question but that strict compliance with the procedural requirements of RCW 35.63.100 is mandatory when a municipality adopts a zoning ordinance imposing classifications or restrictions upon property within its boundaries. In short, such a regulatory measure must be adopted by ordinance, it must be published, and *it, as well as any maps incorporated into it by reference, must be certified* and filed with the proper officer . . .

(Citations omitted. Italics ours.) The City of Ritzville failed to certify its zoning map as required by statute. We find the trial court correctly found Ritzville's zoning ordinance was invalid through the failure to comply strictly with RCW 35.63.100.

Ritzville also contends the Stockwells should have been estopped from challenging the ordinance because it had been in effect for over 1 year prior to the challenge. Although laches or estoppel might arise, the present suit was filed within less than 2 years from the date the ordinance was adopted. Absent some compelling reason, not present in the instant suit, we find estoppel cannot be claimed in this limited time.

The judgment of the trial court is affirmed.

MUNSON and McINTURFF, JJ., concur.