2001 UT App 55

**Julian Dean HATCH and Lynne Mitchell, Appellants,**

v.

**BOULDER TOWN COUNCIL; Town of Boulder Planning Commission and/or Board of Adjustment; Boulder Excavating Company; Sam Stout; and Rhea Thompson, Appellees.**

No. 20000189–CA.

Court of Appeals of Utah.

Feb. 23, 2001.

Rehearing Denied April 4, 2001.

246

Budge W. Call, Smith & Hanna, Salt Lake City, for Appellants.

Marvin D. Bagley, Richfield, and David J. Bird, Richards Bird & Kump, Salt Lake City, for Appellees.

Before Judges GREENWOOD, BENCH, and ORME.

## OPINION

BENCH, Judge:

¶1 Appellants Julian Hatch and Lynne Mitchell appeal from a judgment in favor of Appellees. The trial court determined that: the Town of Boulder's zoning ordinance was not arbitrary, capricious, or illegal; "commercial" designations in the ordinance were legal and not ambiguous; and the Town properly awarded conditional use permits to Appellee Boulder Excavating Company (BEC). Appellants additionally appeal the trial court's consolidation of the trial with the hearing on their Motion for Preliminary In-

junction, and the award of attorney fees to Appellees. We reverse.

## BACKGROUND

¶ 2 Appellants are both residents of the Town of Boulder (the Town). The Boulder Town Council (Town Council), at the recommendation of the Boulder Planning Commission, passed a land-use ordinance in May 1998. The text of the ordinance divides the Town into nine different zoning districts. Additionally, section IV of the ordinance reads as follows: "B. OFFICIAL MAP ADOPTED The official base map is hereby adopted and made part of this ordinance, and districts shall exist and be established on the official base map as adopted and amended from time to time." Boulder, UT Ordinance 39 (May 30, 1998 (amended January 12, 1999)). Appellants contend that no map, which accurately depicted the nine zoning districts, was ever presented when the ordinance was adopted.

¶ 3 In February 1999, the Town granted conditional use permits to BEC. Appellants appealed the grant of the permits to the Town Council, alleging that the terms and conditions of the zoning ordinance were not met by BEC in obtaining the permits. After the Town Council upheld the grant of the permits to BEC, Appellants filed a petition for preliminary injunction in the Sixth District Court. The petition claimed the actions of the Town in enacting the zoning ordinance and granting the conditional use permits were arbitrary, capricious, and illegal. Appellants also sought a preliminary injunction to prevent BEC from constructing a building on one of the parcels for which BEC had obtained a conditional use permit.

¶ 4 At the hearing on the preliminary injunction, the trial court heard testimony and received evidence from Appellants. Appellees presented no evidence, but argued at the conclusion of the hearing. The trial court consolidated the hearing with the trial, ruled in favor of Appellees, and awarded them their attorney fees. This appeal followed.

## ISSUE AND STANDARD OF REVIEW

¶ 5 The dispositive issue before us is whether the Town complied with enabling legislation in adopting its zoning ordinance. "[W]e first review the trial court's factual findings under the 'clearly erroneous' standard. We then review the trial court's legal conclusions for correctness." *Pennington v. Allstate Ins. Co.*, 973 P.2d 932, 936 (Utah 1998) (quoting *Barnard v. Sutliff*, 846 P.2d 1229, 1235 (Utah 1992)).

## I. VALIDITY OF THE ZONING ORDINANCE

¶ 6 Appellants claim the zoning ordinance is invalid because the Town did not comply with Utah Code Ann. § 10-9-402 (1999) in enacting the zoning ordinance. That section reads, in part:

(1) The planning commission shall prepare and recommend to the legislative body a proposed zoning ordinance, *including both* the full *text* of the zoning ordinance *and maps*, that represents the commission's recommendations for zoning all or any part of the area within the municipality.

(2)(a) The legislative body shall hold a public hearing on the proposed zoning ordinance recommended to it by the planning commission.

*Id.* (emphasis added). Appellants specifically challenge the trial court's finding that there was sufficient evidence to prove the existence of a map representing the content of the ordinance.

### A. Strict Compliance with Enabling Statute Required

¶ 7 The authority to regulate land use through zoning ordinances is conferred on municipalities by the state through enabling statutes. *See* Utah Code Ann. § 10-9-401–409 (1999). As such, "[c]ities must strictly comply with the statute delegating them the authority to act." *Jachimek v. Superior Ct.*, 169 Ariz. 317, 819 P.2d 487, 489 (1991). Consequently, "[f]ailure to strictly follow the statutory requirements in enacting the ordinance renders it invalid." *Call v. City of West Jordan*, 727 P.2d 180, 183 (Utah 1986). *See also Schwarz v. City of Glendale*, 190 Ariz. 508, 950 P.2d 167, 169 (Ariz.Ct.App. 1997) ("Municipalities must strictly follow the statutory procedure to enact a zoning ordi-

nance."); *Stockwell v. City of Ritzville,* 34 Wash.App. 526, 663 P.2d 151, 151 (1983) (upholding trial court's determination that "the ordinance was invalidly enacted due to the Council's failure to comply strictly" with the enabling statute).

¶ 8 In *Osborne v. City of Camden,* 301 Ark. 420, 784 S.W.2d 596 (1990), the City of Camden enacted a zoning ordinance that consisted only of text, with no map attached, while the state's enabling statute required both text and a map. *See id.* at 597. An official for the town said they were only being frugal, and that some time later the city planner had drawn up a map containing the boundaries intended in the text of the ordinance. *See id.* The Arkansas Supreme Court found this ordinance invalid because it did not originally include a map. The supreme court said "[t]he purpose of this provision is to give notice of the city's zoning proposal so that, before adoption, residents may object or make suggestions, and after adoption, land purchasers may acquaint themselves with the zoning restriction." *Id.* The Arkansas court further stated that compliance with the statute "is mandatory, and failure to comply with it will render a zoning ordinance void." *Id.*

■■ ¶ 9 Utah's enabling legislation similarly requires that a map accompany the text of a zoning ordinance when presented to the public and to the municipality's legislative body for approval. *See* Utah Code Ann. § 10–9–402. We conclude that this requirement is mandatory rather than directory because "the existence of a map is the essence of the enabling statute." *Osborne,* 784 S.W.2d at 598. Thus, an ordinance enacted without a map, or with a map that does not accurately "represent[ ] the commission's recommendations for zoning," does not strictly comply with Utah's enabling statute and is, therefore, invalid. Utah Code Ann. § 10–9–402.

### B.  Evidence of Zoning Map

■ ¶ 10 We are troubled by the trial court's finding that "the evidence sufficiently establishes that [the zoning map] exists." Appellants Hatch and Mitchell were the only witnesses to testify at the hearing. They acknowledged on direct as well as cross-examination that they had seen an existing use map, which had portions of the town divided into some of the same designations as in the zoning ordinance. During the public hearing for input on the proposed zoning ordinance, Appellant Mitchell had requested a color change be made to her property—to indicate its commercial use—on a map identified as the "general plan map" in the hearing minutes.[1] However, Appellants clearly testified that they had never seen a zoning map that embodied *all nine* of the land-use designations in the ordinance. Appellants repeatedly testified that when they asked the Town about the map in Planning Commission and Town Council meetings, they were told that there was no map. While we recognize the initial burden is on the Appellants, as the complaining parties, there is only so much they can do to prove the map's non-existence. Once they have presented credible evidence to question the existence of a map, the burden shifts to the Appellees to present some evidence that the map does, in fact, exist.

¶ 11 Appellees offered *no evidence* to rebut Appellants' testimony and did not enter into evidence the map they claim was the official map incorporated into the ordinance. The only map entered into evidence is entitled "Existing Land Use Map." Even this map was not created until January 27, 1999, eight months after the zoning ordinance was enacted. Upon close examination of the record, we find no evidence to support the trial court's finding that a map fulfilling the statutory requirement exists.

### C.  The Notice Requirement

■ ¶ 12 The purpose of section 10–9–402 is to ensure that members of the public receive adequate notice of ordinances that may affect their property. In *Call v. City of West Jordan,* 727 P.2d 180 (Utah 1986), the Utah Supreme Court held that a regularly scheduled city council meeting did not meet the "public hearing" requirement of Utah Code Ann. § 10–9–25 (1991), a predecessor

---

1.  The Boulder Planning Commission presumably created this map pursuant to Utah Code Ann. § 10–9–302(2) (1999), when the Town's General Plan was adopted.

statute to section 10–9–402. *See Call* 727 P.2d at 183. The court stated that "[n]otice, to be effective, must alert the public to the *nature and scope of the ordinance that is finally adopted.*" *Id.* (emphasis added).

¶ 13 A map that does not illustrate the text of the ordinance, accurately portraying all zoning districts, does not provide notice to the public of the scope and intent of the proposed zoning ordinance. The existing use map, which was received into evidence at the trial, was prepared for a different purpose and does not accurately reflect the content of the Town's zoning ordinance. We therefore cannot conclude that the notice requirement of section 10–9–402 was met.

¶ 14 Because the Town failed to comply strictly with the requirements of section 10–9–402 by preparing a map to accompany the text of Boulder Town Ordinance no. 39, the ordinance is invalid.

## II. ATTORNEY FEES

 ¶ 15 Appellants also challenge the trial court's award of attorney fees to Appellees based on the trial court's conclusion that the claims raised by Appellants. "were of little weight or importance having no basis in law or fact," under Utah Code Ann. § 78–27–56 (1996). In light of our decision regarding the merits of this case, Appellees are not entitled to an award of attorney fees as prevailing parties. *See id.* § 78–27–56(1). Additionally, having found a basis in law and fact for Appellants' claim that the zoning ordinance was illegally enacted, we cannot conclude that the claim is without merit and brought in bad faith. *See id.* The trial court seems to have had in mind that it was bad faith for Appellants to seek judicial review after having failed in their administrative challenge to the ordinance. However, Utah Code Ann. § 10–9–1001 (1999) expressly provides a mechanism for citizens to seek judicial review of a municipality's land use decisions after they have exhausted their administrative remedies. *See id.* Even had our ruling been otherwise on the legal issue presented, we would not agree that Appellants' claims were so meritless as to warrant an award of attorney fees. For these reasons we reverse the trial court's award of attorney fees to Appellees and decline to award any fees on appeal.

## CONCLUSION

¶ 16 From all that appears in the record before us, the Town failed to prepare a map, which accurately reflected the text of its zoning ordinance, when the ordinance was presented for approval. Boulder Town Ordinance no. 39 was therefore enacted in violation of the enabling statute, section 10–9–402, and as such is invalid from its inception. The ordinance's invalidity renders moot Appellants' other claims. Having found merit in Appellants' argument, we reverse the award of attorney fees to Appellees and decline to award any attorney fees on appeal.

¶ 17 The judgment of the trial court is, therefore, reversed.

¶ 18 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and GREGORY K. ORME, Judge.