UTAH COUNTY, a body corporate and politic of the State of Utah, Plaintiff and Respondent,

v.

OREM CITY, a municipal corporation of the State of Utah; Payson City, a municipal corporation of the State of Utah; and Pleasant Grove City, a municipal corporation of the State of Utah, Defendants and Appellants. (Three Cases)

Nos. 19108, 19131 and 19138.

Supreme Court of Utah.

March 7, 1985.

Bryce McEuen, Orem, Dave McMullin, Payson, John C. Backlund, Provo, Ray Harding, Jr., Pleasant Grove, Roger F. Cutler, Arthur L. Keesler, Salt Lake City, for defendants and appellants.

Allan J. Moll, Asst. Co. Atty., Salt Lake City, Noall T. Wootton Utah Co. Atty., Sterling Sainbury, Provo, Gaven J. Anderson, Salt Lake City, Margaret R. Nelson, Asst. Co. Atty., Provo, for plaintiff and respondent.

HALL, Chief Justice:

Defendants Orem City, Payson City, and Pleasant Grove City appeal from a summary judgment granted in favor of plaintiff Utah County. The trial judge concluded that the defendant cities have a legal duty to pay Utah County the reasonable costs incurred in housing, feeding, and booking prisoners confined to the county jail for violating city ordinances. We agree.

The case was submitted to the trial court on stipulated facts. Defendants Orem City, Payson City, and Pleasant Grove City confine prisoners convicted of violating city ordinances to the Utah County jail. Until 1977, defendants reimbursed Utah County for the costs incurred in housing those prisoners. Since 1977, defendants have made no payments to Utah County for costs. Utah County, however, continues to accept city prisoners and continues to bill defendants for the expenses in housing those prisoners. There is not and has never been a written agreement between the parties concerning payment of costs for housing municipal ordinance violators in the county jail.

The Fourth District Court granted plaintiff's motion for summary judgment, ruling that U.C.A., 1953, § 10–8–58 and the case of *Grand Forks County v. City of Grand Forks*, N.D., 123 N.W.2d 42 (1963), mandate that defendants have a legal duty to pay Utah County the reasonable costs incurred in housing prisoners convicted of violating municipal ordinances.

Section 10–8–58 states:

*[Cities] may* establish, erect and maintain city jails, houses of correction and workhouses for the confinement of persons convicted of violating any city ordinances, make rules and regulations for the government of the same, appoint necessary jailers and keepers, and *use the county jail* for the confinement or punishment of offenders, subject to such conditions as are imposed by law, and *with the consent of the board of county commissioners.* [Emphasis added.]

It is a well-established rule of statutory construction that the terms of a statute should be interpreted in accord with usually accepted meanings.[1] The meaning of section 10–8–58 appears clear and unambiguous: a city may use the county jail for incarceration of municipal ordinance offenders but only if the board of county commissioners has given its consent.

In this case, Utah County has conditioned its acceptance of city prisoners upon the payment of incarceration costs. The defendant cities paid the costs up until 1977. Since that time the county has continued to accept city prisoners but has also continued to bill the cities for the costs involved. This suit was brought by Utah County specifically to recover the amounts due and owing from each of the defendant cities for booking, housing, and feeding municipal ordinance violators in the Utah County jail.[2]

Defendants, however, claim that section 10–8–58 cannot be read alone. It must be read in light of U.C.A., 1953, § 17–22–8, and U.C.A., 1953, § 17–15–17(3). Section 17–22–8 reads:

The sheriff must receive all persons committed to jail by competent authority and see that they are provided with necessary food, clothing and bedding in the manner prescribed by the board of county commissioners. The expense incurred in providing the above services to prisoners shall be paid out of the county treasury except as provided in sections 17–22–8.5 and 17–22–10.

1. *Board of Educ. v. Salt Lake County,* Utah, 659 P.2d 1030, 1035 (1983).

2. At the time the complaint was filed, November 29, 1979, Utah County claimed costs owed to be: Orem City, $34,854; Payson City, $5,982; Pleasant Grove City, $3,681.

Section 17–15–17(3) reads: "The following are county charges: ... (3) The expenses necessarily incurred in the support of persons charged with or convicted of crime and committed therefor to the county jail." Defendants contend that these sections manifest a legislative intent that counties bear the costs of housing prisoners convicted of violating municipal ordinances. Utah County, however, claims that defendants' interpretation of these sections conflicts with other related statutes which indicate a legislative intent to place liability on those entities which have their prisoners in county jails: U.C.A., 1953, § 17–22–8.5 (state reimburses county for costs of incarceration of a person convicted of a felony and sentenced to serve in the county jail as a condition of probation); U.C.A., 1953, § 17–22–9 (expenses of federal prisoners held in county jail are compensated on such terms as are agreed on by the county and the United States); U.C.A., 1953, § 17–22–10 (security for costs must be given before sheriff accepts a person committed on process in a civil proceeding); U.C.A., 1953, § 10–13–23 (towns must reimburse county for costs of incarceration of town ordinance violators).

Statutes are considered to be in pari materia and thus must be construed together when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object.[3] If it is natural or reasonable to think that the understanding of the legislature or of persons affected by the statute would be influenced by another statute, then those statutes should be construed to be in pari materia,[4] construed with reference to one another and harmonized if possible.[5] The seven statutes mentioned above have as a common purpose the identification of those who may use county jails and who must bear the costs of that use. Thus, these statutes should be construed with reference to one another and harmonized if possible. Read as a whole, the legislative intent to have each political subdivision bear the costs of incarceration in the county jail of its own prisoners is clear. The fact that section 10–8–58 does not explicitly require payment of costs, while sections 17–22–8.5, 17–22–9, 17–22–10, and 10–13–23 do, neither alters that clear legislative intent as a whole nor the unambiguous language of section 10–8–58 requiring consent of the board of county commissioners.

Furthermore, the structural setup and relative location in the code of each of these statutes supports this interpretation.[6]

Title 17 of the Utah Code deals exclusively with counties: creation, officers, powers and so on. Chapter 8, Title 10 deals exclusively with the powers and duties of all cities. Chapter 13, Title 10 deals exclusively with the powers and duties of towns. Thus it can be seen that there is a legislative scheme to deal with each political subdivision and its powers and duties separately.

Sections 17–22–8 and 17–15–17(3), appearing as they do in the title of the Utah Code dealing exclusively with counties, should be read with that intent in mind. Section 17–15–17(3) also should be read in light of section 17–15–17(2). Subsections of a statute should not be construed in a vacuum but must be read as part of the statute as a whole.[7] Section 17–15–17(2) reads: "The following are county charges: ... (2) The necessary expenses of the county attorney incurred in criminal cases *arising in the county*, and all other expenses necessarily incurred by him in the prosecution of criminal cases." (Emphasis added.)

---

3. 2A C. Sands, Sutherland Statutory Construction § 51.03 at 467 (4th ed. 1984).

4. *Id.* at 468.

5. *Murray City v. Hall,* Utah, 663 P.2d 1314, 1318 (1983).

6. With the exception of § 17–22–8.5, all of the statutes considered here have been on the books since 1898 with virtually identical language for our purposes to that being here construed. The provision of payment in § 17–22–8.5 (formerly § 77–18–1(4)(e), amended 1983) was first enacted in 1982.

7. *State ex rel. Cannon v. Leary,* Utah, 646 P.2d 727 (1982).

Subsection (3) following immediately after can be seen to be relating to and modifying subsection (2). The intent can thus be seen to be that counties bear the costs of incarcerating persons charged with or convicted of crimes arising in the county and prosecuted by the county attorney.

The defendants, however, argue that the provision of section 17–22–8 which requires the county to pay expenses incurred in incarcerating prisoners, except those prisoners who are prisoners under civil process (§ 17–22–10) and state felons who are sentenced to serve in the county jail (§ 17–22–8.5), limit the county from collecting expenses from any other entity. However, the cities admit that section 17–22–9 (federal prisoners) and section 10–13–23 (town prisoners), neither of which is mentioned in section 17–22–8, require that the county be compensated for the expense of boarding those prisoners. Therefore, it is only reasonable that the cities also could be required to compensate the county for incarceration of city prisoners even though such a requirement is not specifically mentioned in section 17–22–8.

The judgment is, therefore, affirmed.

STEWART, HOWE, DURHAM and ZIMMERMAN, JJ., concur.