2002 UT App 372

Suzanne DOWLING fka Suzanne Hoagland, Plaintiff and Appellant,

v.

Kathleen BULLEN; Trolley Corners Family Therapy Clinic, a general partnership; Canyon Rim Psychotherapy; and John Does 1 through 20, Defendants and Appellee.

No. 20010961–CA.

Court of Appeals of Utah.

Nov. 7, 2002.

Kathleen M. McConkie, Wingo & Rinehart, Salt Lake City, for Appellant.

Phillip S. Ferguson, Christensen & Jensen PC, Salt Lake City, for Appellee.

Before Judges JACKSON, BILLINGS, and THORNE.

## OPINION

JACKSON, Presiding Judge.

¶ 1 Appellant Suzanne Dowling appeals the trial court's grant of summary judgment to Appellee Kathleen Bullen. We reverse and remand.

## BACKGROUND

¶ 2 The operative facts of this case are undisputed, and we will recite them as contained in the trial court's summary judgment order, dated November 19, 2001. In late 1994, Dowling's daughters began receiving counseling from Bullen, a licenced clinical social worker. Dowling and her then husband, James, also began "individual therapy" with Bullen. In January 1996, James filed for divorce. By June 1996, Dowling's family had completely discontinued counseling with Bullen at Bullen's recommendation. On September 26, 1996, a divorce decree issued. At approximately the same time, James and Bullen announced their intention to marry, and Dowling received information indicating that Bullen had initiated an intimate relationship with James during the course of counseling and prior to the filing of the petition for divorce.

¶ 3 On September 25, 2000, Dowling filed suit for, inter alia, alienation of affections. Bullen filed a motion for summary judgment on grounds that the action was barred by the two-year statute of limitations in Utah Code Ann. § 78–14–4 (1996) (the Utah Health Care Malpractice Act, referred to hereinafter as "the Act"). The trial court granted Bullen's

motion for summary judgment. The court concluded that the Act applied because the behavior complained of was "related to and [arose] out of the mental health treatment Ms. Bullen provided to [Dowling] and [Dowling's] family," thus bringing the action within the Act's purview. Dowling appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 4 " 'We review the trial court's grant or denial of a motion for summary judgment for correctness and accord no deference to the trial court's conclusions of law.' " *Parduhn v. Bennett*, 2002 UT 93, ¶ 5, 455 Utah Adv. Rep. 61 (quoting *Malibu Inv. Corp. v. Sparks*, 2000 UT 30, ¶ 12, 996 P.2d 1043).

¶ 5 Dowling challenges the trial court's conclusion that the Act's two-year statute of limitations applies to her action for alienation of affections. She argues that the behavior complained of did not "relat[e] to or arise[ ] out of health care rendered or which should have been rendered by" Bullen. Utah Code Ann. § 78–14–3(15) (Supp.2002) (defining "Malpractice action[s]" covered by the Act). " 'The interpretation of a statute . . . presents a question of law, which this court reviews for correctness.' " *Parks v. Utah Transit Auth.*, 2002 UT 55, ¶ 4, 53 P.3d 473 (citing *State v. James*, 819 P.2d 781, 796 (Utah 1991)).

## ANALYSIS

¶ 6 "A trial court may properly grant summary judgment when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.' . . . In deciding whether summary judgment was appropriate, we need review only whether the trial court erred in applying the relevant law and whether a material fact was in dispute." *WebBank v. American Gen. Annuity Serv. Corp.*, 2002 UT 88, ¶ 10, 454 Utah Adv. Rep. 48, 54 P.3d 1139 (quoting Utah R. Civ. P. 56(c); other citations omitted).

■ ¶ 7 Dowling argues that even if no genuine issues of material fact existed,[1] Bul-

len was not entitled to judgment as a matter of law because her behavior was unrelated to the medical treatment she provided. Thus, Dowling argues, the Act's two-year statute of limitations does not apply to her action for alienation of affections. Instead, Dowling contends the general four-year statute of limitations contained in Utah Code Ann. § 78–12–25 (1996) applies, and the trial court thus erred in awarding Bullen summary judgment.

¶ 8 Section 78–14–3(15) provides:

"Malpractice action against a health care provider" means any action against a health care provider, whether in contract, tort, breach of warranty, wrongful death, or otherwise, based upon alleged personal injuries *relating to or arising out of health care* rendered or which should have been rendered by the health care provider.

Utah Code Ann. § 78–14–3(15) (emphasis added). Bullen urges that the alleged injuries "aris[e] out of [the] health care" she provided, *id.*, because without having provided counseling services Bullen never would have been in a position to develop a relationship with James.

■ ¶ 9 However, "[s]ubsections of a statute should not be construed in a vacuum but must be read as part of the statute as a whole." *Utah County v. Orem City*, 699 P.2d 707, 709 (Utah 1985). The Act's statute of limitations does not automatically apply to any cause of action simply because a health care provider provided health care. Section 78–14–3(10) provides: " 'Health care' means any act or treatment performed or furnished . . . by any health care provider for, to, or on behalf of *a patient during the patient's* medical care, treatment, or confinement." Utah Code Ann. § 78–14–3(10) (emphasis added). Reading this definition of health care alongside section 78–14–3(15), which requires that the injuries relate to or arise out of "health care," Utah Code Ann. § 78–14–3(15), the Act requires that the health care in question must have been provided to the complaining patient.

1. For purposes of summary judgment, Bullen admitted all the facts outlined in Dowling's com-      plaint.

¶ 10 In this case, Bullen provided individual treatment to both James and Dowling. However, the alleged alienation of affections, while arguably "relating to or arising out of health care rendered" to James, *id.*, did not relate to or arise out of the health care rendered to Dowling. Dowling, the patient, has not complained of "any act or treatment performed or furnished ... by [Bullen] for, to, or on behalf of [Dowling] during [Dowling]'s medical care, treatment, or confinement." Utah Code Ann. § 78–14–3(10). Thus, we conclude that the Act, when read as a whole, does not apply to Dowling's alienation of affections claim since Dowling is not "the patient[ ]," *id.*, out of whose health care the alleged wrong arose.

¶ 11 Accordingly, the trial court erred in applying the Act's two-year statute of limitations. We reverse the trial court's grant of summary judgment and remand for proceedings consistent with this opinion.[2]

¶ 12 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge and WILLIAM A. THORNE JR., Judge.

---

**2.** Because we reverse the trial court's ruling, we do not address Dowling's argument regarding intentional infliction of emotional distress.