2003 UT App 274

**Tyler HANSEN and Workers' Compensation Fund of Utah, Plaintiffs and Appellants,**

v.

**Amanda S. EYRE and The Nature Conservancy, Defendants and Appellees.**

**No. 20020498–CA.**

Court of Appeals of Utah.

July 25, 2003.

Rehearing Denied Aug. 19, 2003.

Edward T. Wells and Mel S. Martin, Mel S. Martin PC, Murray, for Appellant.

Lloyd R. Jones, Petersen & Hansen, Robert L. Janicki, and Michael K. Woolley, Strong & Hanni, Salt Lake City, for Appellees.

Before Judges JACKSON, GREENWOOD, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Appellants Tyler Hansen and the Workers' Compensation Fund appeal the trial court's denial of their motion for partial summary judgment. We affirm.

## BACKGROUND

¶ 2 On February 17, 2000, Hansen was riding his bicycle eastbound, on the left hand side of the street and against the flow of traffic, but within the confines of a marked bicycle path. As he approached the intersection of 200 South and 500 East, Amanda Eyre was waiting in her car for the flow of westbound traffic to subside so that she could turn right into the westbound lane of 200 South. When Eyre was satisfied that the flow of traffic was sufficiently light to allow her to successfully make her right turn, she accelerated around the corner. However, before Eyre could complete her turn, she and Hansen collided, injuring Hansen. When the accident occurred, both Hansen and Eyre were operating within the scope of their employment.

¶ 3 Following the accident, Hansen, along with the Workers' Compensation Fund, filed suit. In essence, Hansen claimed that Eyre had violated various sections of the Utah Code, and at least one provision of the Salt Lake City ordinances, thereby causing the accident. Hansen filed a motion for partial summary judgment, asking the trial court to rule that Hansen "had a legal right to ride a bicycle in an eastbound direction in the designated bicycle lane on the north side of 200 South Street in Salt Lake City." Hansen based his motion on Salt Lake City, Ut., Ordinance 12.80.070 (Supp.1998) which reads, in relevant part: "It is unlawful for operators of bicycles: ... [t]o ride upon the left-hand side of any street, except when they are within a marked bicycle lane or when riding upon a one-way street."

¶ 4 Eyre opposed Hansen's motion, arguing that the Salt Lake City Ordinance conflicted with state law and, therefore, Hansen could not have a right to ride against the flow of traffic as a matter of law.[1] The trial court entertained oral argument and then, in a written decision, denied Hansen's motion. In its decision, the trial court determined that the ordinance relied upon by Hansen operated outside Salt Lake City's reasonable police powers [2] because "state law was and is (and probably always has been) clear that bicycles are to ride in the direction of motor vehicle traffic.... An ordinance that purports to allow otherwise is in conflict with state law." The trial court, however, decided to leave to the trier of fact the impact of its decision on the issue of negligence. Hansen subsequently petitioned the supreme court for interlocutory review. The court granted Hansen's

---

**1.** Eyre also filed a cross-motion for summary judgment on the same subject, which the trial court later denied. However, the disposition of Eyre's motion is not at issue in this appeal.

**2.** Utah's Traffic Code expressly denies to local authorities the power to create rules or ordinances that conflict with existing state law. *See* Utah Code Ann. § 46-6-16 (1998) ("A local authority may not enact or enforce any rule or ordinance in conflict with the provisions of this chapter.").

petition and transferred the case to this court, pursuant to Utah Code Annotated section 78–2–2(4). *See* Utah Code Ann. § 78–2–2(4) (2002). We affirm.

## ISSUE AND STANDARD OF REVIEW

 ¶ 5 Hansen argues that the trial court erred in its statutory interpretation and, as a result, erred in denying his motion for summary judgment. Issues of statutory interpretation present questions of law that we review for correctness. *See Toone v. Weber County*, 2002 UT 103, ¶ 4, 57 P.3d 1079. We review the granting or denial of a summary judgment motion for correctness, with no deference given to the trial court's decision.[3] *See id.*

## ANALYSIS

¶ 6 Hansen asserts that pursuant to Salt Lake City, Ut., Ordinance 12.80.070(1) (Supp. 1998) he had an absolute right to travel against the flow of traffic while in a designated bicycle lane. Therefore, he argues, the trial court erred in denying his motion for partial summary judgment. Eyre, in contrast, argues that section 12.80.070(1) conflicts with existing state law and is thus invalid. Because these statutory arguments are intertwined, we address them in concert.

 ¶ 7 Well-settled rules of statutory interpretation instruct us that

> [w]hen interpreting a statute, this court looks first to the statute's plain language to determine the Legislature's intent and purpose. We read the plain language of the statute as a whole, and interpret its provisions in harmony with other statutes in the same chapter and related chapters. We follow the "cardinal rule that the general purpose, intent and purport of the whole act shall control, and that all the parts be interpreted as subsidiary and harmonious to its manifest object."

*Miller v. Weaver*, 2003 UT 12, ¶ 17, 66 P.3d 592 (citations omitted). Moreover,

> [s]tatutes are considered to be in pari materia and thus must be construed together when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object. If it is natural or reasonable to think that the understanding of the legislature or of persons affected by the statute would be influenced by another statute, then those statutes should be construed to be in pari materia, construed with reference to one another and harmonized if possible.

*Utah County v. Orem City*, 699 P.2d 707, 709 (Utah 1985) (footnotes omitted).

¶ 8 In this case, the statutory act in question is Utah's Traffic Rules and Regulations (Traffic Control Act). *See* Utah Code Ann. §§ 41–6–1 to –186 (1998 & Supp.2002). Within the Traffic Control Act, Article 11 contains the majority of the statutes applicable to the use and operation of bicycles. *See id.* § 41–6–83 to –90.5. However, section 41–6–84 expands the scope of applicable regulations beyond Article 11, stating:

> Except as ... specified under this article, a person operating a bicycle or any vehicle or device propelled by human power or a moped has all the rights and *is subject to the provisions of this chapter applicable to the operator of any other vehicle.*

*Id.* (emphasis added).

 ¶ 9 Thus, we must begin our analysis with an examination of certain terms material to the instant case. First, Utah Code Annotated section 41–6–1(55) defines "vehicle" as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks." *Id.* § 41–6–1(55) (1998). Clearly then, for purposes of the Traffic Control Act, a bicycle is a vehicle. Section 41–6–1 also defines the term "roadway." *See id.* § 41–6–1(39). A roadway, for purposes of the Traffic Control Act, is "that portion of highway improved, designed, or ordinarily used for vehicular travel, exclusive of the sidewalk, berm, or shoulder, even though any of them are used by persons riding bicycles or other human-powered vehicles." *Id.* Thus, the areas of highway not considered part of the

---

3. The parties agree that there is no dispute as to the material facts of this case. Thus, we focus our examination on the correctness of the trial court's legal conclusions.

roadway include, exclusively, "berm[s]," "shoulder[s]," and "sidewalk[s]." *Id.* Accordingly, by both implication and plain language, bicycle paths located on "that portion of highway improved, designed, or ordinarily used for vehicular travel" are part of the roadway and subject to the limitations of the Traffic Control Act. *Id.*

■ ¶ 10 The import of these terms to the instant case becomes clear when we examine Utah Code Annotated section 41–6–53, which states that "[o]n all roadways of sufficient width, a vehicle shall be operated upon the right half of the roadway."[4] *Id.* § 41–6–53 (1998). Applying the definitions provided within the Traffic Control Act to section 41–6–53, "[o]n all roadways of sufficient width [whether or not traveling in a designated bicycle path], a [bicycle] shall be operated upon the right half of the roadway." *Id.* Therefore, absent a clear exception to this rule within the Traffic Control Act, Salt Lake City may not, in the exercise of its police power, allow bicycle riders to ride against the flow of traffic.

¶ 11 Hansen argues that such an exception exists in Utah Code Annotated section 41–6–87 (1998). Section 41–6–87, in relevant part, sets forth: "A person operating a bicycle or a moped upon a roadway at less than the normal speed of traffic at the time and place and under the conditions then existing shall ride as near as practicable to the right-hand edge of the roadway except when" the rider is "overtaking and passing another vehicle proceeding in the same direction" of travel, "preparing to make a left turn," or as "reasonably necessary" to avoid obstacles. *Id.* § 41–6–87(1)(a)–(c). Section 41–6–87 further states: "If a usable path for bicycles has been provided *adjacent to* a roadway, bicycle riders shall use the path and not the roadway." *Id.* § 41–6–87(3) (emphasis added). We do not interpret this language to provide the exception urged by Hansen.

■ ¶ 12 The term "adjacent" is defined to mean "not distant," "nearby," or "having the vertex and one side in common." Mer-

riam Webster's Collegiate Dictionary 14 (10th ed.1999). In use, adjacent "may or may not imply contact but always implies absence of anything of the same kind in between." *Id.* Thus, section 41–6–87(3) has application only in circumstances where a bicycle path lies not upon or within the borders of a roadway, but instead when the path lies off of, and next to, the roadway. Only when the path is *adjacent to* (i.e., separate from) the roadway is a rider required to use the path instead of the right edge of the roadway.

■ ¶ 13 Under the circumstances presented here, section 41–6–87(3) has no application because the path traveled by Hansen is a part of the roadway and not adjacent to it. Moreover, even if the facts of this case suggested that section 41–6–87(3) was applicable, under our general rules of statutory construction "the provision more specific in application governs over the more general provision." *Hall v. Department of Corr.*, 2001 UT 34, ¶ 15, 24 P.3d 958. Here, the Traffic Control Act specifically directs that "[o]n all roadways of sufficient width, a vehicle shall be operated upon the right half of the roadway." Utah Code Ann. § 41–6–53. In contrast, section 41–6–87(3) is silent concerning the direction of travel required or allowed. *See id.* § 41–6–87(3). Accordingly, the specific language of section 41–6–53 governs the direction of travel that vehicles, including bicycles, must follow when on a roadway. Thus, bicycles, like cars, must "operate[ ] on the right half of the roadway," and must conform with the flow of traffic applicable to all vehicles. *Id.* § 41–6–53.

¶ 14 Finally, while not controlling in this case, effective April 30, 2001, the Legislature amended section 41–6–87 to include the following language: "A person operating a bicycle or moped on a highway shall operate in the designated direction of traffic." Utah Code Ann. § 41–6–87(2) (Supp.2002). This language reinforces the notion that the Legislature never intended to permit bicycle traffic to flow against the direction of traffic, regardless of the existence of bicycle paths.[5]

---

**4.** Utah Code Annotated section 41–6–53 articulates four exceptions to this rule, none of which

involve bicycles. *See* Utah Code Ann. § 41–6–53(1)(a)–(d) (1998).

**5.** Hansen presented two additional issues on ap-

## CONCLUSION

¶ 15 We affirm the trial court's decision denying Hansen's motion for partial summary judgment. Moreover, we conclude that to the extent that subsection one of Salt Lake City, Ut., Ordinance 12.80.070 permits the riding of a bicycle against the flow of traffic, it is invalid.

¶ 16 I CONCUR: PAMELA T. GREENWOOD, Judge.

JACKSON, Presiding Judge (dissenting):

¶ 17 I respectfully dissent from my colleagues' decision. Although the majority opinion makes a persuasive case for affirming the trial court's decision, I believe that to construe Utah Code Ann. § 41-6-87(1) (1998) as the majority has done poses several problems. These problems arise as the result of a statutory scheme that is hardly a model of clarity and consistency.

> When construing a statute, we look first to the plain meaning of the words used and their statutory context. The plain language rule also requires that we give effect to all the terms of a statute so that no one provision is construed in isolation. Furthermore, " 'if doubt or uncertainty exists as to the meaning or application of an act's provisions, the Court should analyze the act in its entirety and harmonize its provisions in accordance with the legislative intent and purpose.' "

*Kimball Condos. Owners Ass'n v. County Bd. of Equalization,* 943 P.2d 642, 648 (Utah 1997) (citations omitted). Further, "when two statutory provisions conflict in their operation, the provision more specific in application governs over the more general provision." *Hall v. Department of Corr.,* 2001 UT 34, ¶ 10, 24 P.3d 958.

¶ 18 When reading the statute as a whole, I would conclude the trial court erred by ruling that section 41-6-87 prohibits the use of a left-hand bicycle path. It is true that section 41-6-87(1) sets forth a general rule requiring bicyclists to "ride as near as practicable to the right-hand edge of the roadway." Utah Code Ann. § 41-6-87(1). However, it seems clear to me that subsection (1) does not apply in cases where a roadway has an adjacent bicycle path, since it never mentions bicycle paths and since subsection (3) does.

¶ 19 Subsection (3) requires the use of a bicycle path when one exists. *See* Utah Code Ann. § 41-6-87(3). Thus, while subsection (1) certainly sets forth a rule of general application, it does not govern the specific situation where a bicycle path exists. Thus, "the provision more specific in application [subsection (3)] governs over the more general provision [subsection (1)]." *Hall,* 2001 UT 34 at ¶ 10, 24 P.3d 958.

¶ 20 To conclude otherwise, as the majority does, would pose at least three serious problems that would prevent us from harmonizing all portions of the statute. First, if we concluded that subsection (1) requires bicyclists to stay to the right side of the roadway even when a left-hand bicycle path exists, we would necessarily create an exception to subsection (3) that the legislature did not include. Specifically, subsection (3) provides that "[i]f a usable path for bicycles has been provided adjacent to a roadway, bicycle riders shall use the path and not the roadway." Utah Code Ann. § 41-6-87(3). It does not say "bicycle riders shall use the path and not the roadway, *unless the path is on the left-hand side of the roadway.*" Subsection (3) requires the use of an existing bicycle path without limitation as to which direction the bicyclist must ride, and does not limit bicyclists to one side of the road.

---

peal, both of which essentially take the form of requesting from this court a ruling that would foreclose the issue of comparative negligence on remand. However, neither issue comports with the requirements of rule 24 of the Utah Rules of Appellate Procedure. *See Smith v. Smith,* 1999 UT App 370, ¶ 8, 995 P.2d 14 ("An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court."

(quotations and citation omitted)). Thus, we do not address either point. Moreover, from our reading of the record, the trial court has yet to issue any definitive ruling on these issues, thus, we are without jurisdiction to address them. *See State v. Norris,* 2002 UT App 305, ¶ 7, 57 P.3d 238 ("[W]ithout a final order on the record, [this] court has no jurisdiction to hear an appeal.").

¶ 21 Second, to construe section 41–6–87 as the majority does renders subsection (3) inoperable. If we concluded that subsection (1) required bicyclists to ride on the right side of the road and precluded them from riding in a left-hand bicycle path, then subsection (3) would be inoperable whether there is a bicycle path on either side or both sides. *See* Utah Code Ann. § 41–6–87(1) (requiring bicyclist to stay to the far right of the "roadway"); Utah Code Ann. § 41–6–1(39) (defining "roadway" as "that portion of highway ... ordinarily used for vehicular travel"). The bicyclist would then be required to ignore the specific mandate to ride in the designated bicycle path, whether adjacent to the right or the left of the roadway, and follow the more general rule by staying as far to the right of the roadway as possible.

¶ 22 Third, such a construction would render subsections (1) and (3) contradictory, thus subverting the rule that we must " ' "harmonize its provisions." ' " *Kimball,* 943 P.2d at 648 (citations omitted). If a bicyclist stays to the far right of the roadway where a left-hand, but no right-hand bicycle path exists, she would violate the mandate of subsection (3) to ride in the designated bicycle path. On the other hand, if she followed the mandate of subsection (3) by riding in the designated bicycle path, she would violate the general provisions of subsection (1) that require her to stay to the far right of the roadway.

¶ 23 In order to harmonize and give effect to all portions of section 41–6–87, I would conclude that subsection (1) sets forth a general rule that does not contemplate a roadway with designated bicycle paths. Instead, subsection (3) applies and requires the use of a bicycle path where one exists. Further, section 41–6–87 does not prohibit the use of a left-hand bicycle path, and I would hold a rider may use the left-hand bicycle path regardless of whether a right-hand path also exists.

¶ 24 Thus, I believe the trial court erred in concluding Utah Code Ann. § 41–6–87(1) (1998) prohibits the use of a left-hand bicycle path. I believe the trial court further erred in concluding that, because Salt Lake City, Ut., Ordinances § 12.80.070(I) (1989) expressly permits the use of a left-hand bicycle path in contradiction to section 41–6–87, it is therefore invalid. Finally, I believe the trial court erred in ruling that "[t]he jury instructions will have to be properly tailored that [Hansen] was not justified by ordinance nor state law in traveling in the direction he was against traffic." Accordingly, I would reverse the trial court's denial of Hansen's summary judgment motion with respect to this issue and remand.