2005 UT 29

**Tyler HANSEN and The Workers Compensation Fund of Utah, Plaintiffs and Petitioners,**

v.

**Amanda S. EYRE and The Nature Conservancy, Defendants and Respondents.**

No. 20030731.

Supreme Court of Utah.

May 13, 2005.

Edward T. Wells, Mel S. Martin, Salt Lake City, for plaintiffs.

Robert L. Janicki, Steven T. Densley, Michael K. Woolley, Lloyd R. Jones, Salt Lake City, for defendants.

DURHAM, Chief Justice:

## INTRODUCTION

¶1 Petitioner Tyler Hansen (Hansen) seeks review of the court of appeals' decision affirming the district court's denial of his motion for partial summary judgment. Hansen's motion asked the trial court to hold, as a matter of law, that Hansen was legally justified in riding his bicycle in a bike lane on the left-hand side of the road, pursuant to Salt Lake City Code section 12.80.070. We affirm the decision of the court of appeals and hold that Hansen was not justified in riding his bicycle on the left-hand side of the road for the reasons set forth below.

## BACKGROUND

¶2 This case arises from a vehicle-bicycle accident that occurred on February 17, 2000. Hansen was riding his bicycle eastbound on 200 South in Salt Lake City, on the left-hand side of the road, against the flow of traffic but within a marked bicycle lane. Amanda Eyre (Eyre) was driving a van southbound on 500 East. Eyre allegedly stopped at 200 South at a red light, preparing to turn right, when Hansen reached the 500 East–200 South intersection on his bicycle. Eyre turned right into the bicycle lane and collided with Hansen, causing Hansen substantial injury. Hansen and Eyre were both acting within the scope of their employment at the time of the accident.

¶3 Following the accident, Hansen filed a personal injury suit against Eyre. Hansen then filed a motion for partial summary judgment, asking the district court to rule, as a matter of law, that he was legally justified in riding his bicycle in the left-hand lane. He argued that his action was justified pursuant to Salt Lake City Code section 12.80.070, which states that "[i]t is unlawful for operators of bicycles ... [t]o ride upon the left-hand side of any street, except when they are within a marked bicycle lane or when riding upon a one-way street." Salt Lake City Code § 12.80.070(I) (2000) (amended 2003).[1]

¶4 The Nature Conservancy (the Conservancy), Eyre's employer, subsequently joined the suit and filed a cross-motion for summary judgment, asking the court to hold that Utah Code section 41–6–87(1)[2] prohibits bicycle riders from traveling in the left-hand lane,

---

1. Salt Lake City Code section 12.80.070 was amended September 9, 2003, to eliminate the language allowing bicyclists to ride in a marked bicycle lane on the left-hand side of the street. The amended ordinance adopted language similar to Utah Code section 41–6–87. *See* Utah Code Ann. § 41–6–87(2) (Supp.2004). The ordinance now specifically states: "A person operating a bicycle upon a roadway shall operate in the designated direction of traffic." Salt Lake City Code § 12.80.070(B) (2003).

2. During its 2005 session, the Utah Legislature recodified the Traffic Code. Section 41–6–87 has been renumbered as section 41–6a–1105. Minor amendments were made to the language of the statute. In this opinion, we refer to the version of the statute in effect at the time of the accident.

and that any ordinance to the contrary is an invalid exercise of local authority.

¶ 5 The district court denied Hansen's motion for partial summary judgment, stating that "it is directly against the Utah statute to travel by bicycle against the flow of vehicle traffic." While not expressly ruling on the validity of the city ordinance, the district court concluded that the jury instructions would have to be "properly tailored [to state] that plaintiff was not justified by ordinance nor state law in traveling . . . against traffic." The court also denied the Conservancy's cross-motion, reserving the question of negligence for the jury.

¶ 6 On an interlocutory appeal, the court of appeals affirmed the decision of the district court, holding that Utah Code section 41–6–87 requires bicyclists to ride with the flow of traffic. *Hansen v. Eyre*, 2003 UT App 274, ¶ 13, 74 P.3d 1182. The court of appeals also held that, to the extent Salt Lake City Code section 12.80.070 conflicted with state law, it was invalid. *Id.* at ¶ 15. This court granted Hansen's petition for certiorari.

¶ 7 In his petition, Hansen argues that the court of appeals erred by: (1) denying him due process of law by retroactively invalidating an ordinance upon which he relied; (2) holding that Salt Lake City Code section 12.80.070(I) was invalid; and (3) invalidating an ordinance without requiring Salt Lake City's joinder, in violation of Utah Code section 78–33–11.[3]

## STANDARD OF REVIEW

¶ 8 "On certiorari, we review the court of appeals' decision for correctness," focusing on "whether that court correctly reviewed the trial court's decision under the appropriate standard of review." *State v. Dean*, 2004 UT 63, ¶ 7, 95 P.3d 276. Where, as here, the facts are undisputed, a district court's decision to deny partial summary judgment "presents only questions of law,"

---

**3.** Hansen's other arguments are not properly before this court because they were neither included in his petition for certiorari nor decided by the court of appeals. *See DeBry v. Noble*, 889 P.2d 428, 443 (Utah 1995) (holding that an issue not presented in the petition is "not properly before this Court"); *see also, Coulter & Smith, Ltd. v. Russell*, 966 P.2d 852, 856 (Utah 1998)

which are reviewed for correctness. *Fericks v. Lucy Ann Soffe Trust*, 2004 UT 85, ¶ 10, 100 P.3d 1200.

## ANALYSIS

### I. DUE PROCESS

¶ 9 Hansen first contends that the appellate court's decision affirming the trial court's ruling denied him due process of law. We disagree.

¶ 10 The Fourteenth Amendment to the United States Constitution guarantees that no person shall be deprived of liberty or property without due process of law. U.S. Const. amend. XIV. In order for this guarantee to be implicated, however, a petitioner must raise a claim to some viable liberty or property interest of which he is being deprived. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) ("Only after finding the deprivation of a protected interest do we look to see if the State's procedures comport with due process."). In this case, Hansen points to no protected liberty or property interest. He asserts, instead, that due process protections ensure fair warning of conduct that is proscribed by law, stating, "[a] person is entitled, under theories of due process, to act in reliance on the plain language of existing laws without fear that such conduct may later be made punishable by a court which subsequently determines that there is a conflict between state and local law." While this assertion is correct, Hansen misunderstands the reason for this well-established rule.

¶ 11 Due process requires fair warning of what conduct is proscribed by law because engaging in such conduct could lead to criminal prosecution, a government action that may result in the deprivation of either property (through fines) or liberty (through incarceration). *Bouie v. City of Columbia*,

---

("Review on certiorari is . . . circumscribed by the issues raised in the petitions."). Thus, we decline to address whether conduct in conformity with the plain language of an existing ordinance is necessarily void of negligence and whether the city reasonably and validly exercised its powers to regulate bicycles pursuant to the Utah Code.

378 U.S. 347, 349, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). Every case Hansen cites in support of his due process argument involves imposition of criminal sanctions for conduct prohibited by law. *See, e.g., People v. Frazer*, 21 Cal.4th 737, 88 Cal.Rptr.2d 312, 982 P.2d 180 (1999) (defendant indicted for lewd conduct); *People v. Escobar*, 3 Cal.4th 740, 12 Cal.Rptr.2d 586, 837 P.2d 1100 (1992) (defendant convicted of kidnapping, rape, and assault with a deadly weapon); *Keeler v. Superior Court*, 2 Cal.3d 619, 87 Cal.Rptr. 481, 470 P.2d 617 (1970) (defendant charged with murder of a fetus); *State v. Blowers*, 717 P.2d 1321 (Utah 1986) (defendant convicted of driving under the influence of alcohol).

¶ 12 Here, Hansen has initiated a civil suit against Eyre seeking tort damages. There is no criminal proceeding that might deprive Hansen of any liberty or property interest. The court of appeals' interpretation of state law, in itself, cannot qualify as such a deprivation. A court's legal ruling in a civil proceeding cannot be categorized as a form of "punishment" in the way Hansen suggests.[4] We therefore reject his due process claim.

## II. STATUTORY CONSTRUCTION

¶ 13 We next address the second question presented in Hansen's petition for a writ of certiorari: whether the court of appeals correctly held that Salt Lake City Code section 12.80.070 was invalid because it conflicted with the Utah Traffic Rules and Regulations (Traffic Control Act), Utah Code Ann. §§ 41–6–1 to –186 (1998).

¶ 14 Utah Code section 41–6–87(1) states: "A person operating a bicycle or a moped upon a roadway at less than the normal speed of traffic at the time and place and under the conditions then existing shall ride as near as practicable to the right-hand edge of the roadway." *Id.* § 41–6–87(1). The statute then sets forth three exceptions to that general rule: (1) when the rider is "overtaking and passing another vehicle proceeding in the same direction," (2) when the rider is "preparing to make a left turn," and (3) when it is "reasonably necessary to avoid" obstacles.[5] *Id.* § 41–6–87(1)(a)–(c). Thus, unless one of these exceptions applies, Utah law clearly directs bicyclists to ride as close to the right-hand side of the road as possible.

¶ 15 It is well established that, where a city ordinance is in conflict with a state statute, the ordinance is invalid at its inception. *Salt Lake City v. Kusse*, 97 Utah 113, 93 P.2d 671, 674 (1938) ("It is our view that the … [state statute] makes void all ordinances, otherwise lawful, which conflict with and constitute a barrier to the enforcement of the uniform state law."); *see also Hatch v. Boulder Town Council*, 2001 UT App 55, ¶ 16, 21 P.3d 245. "In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."

---

4. We recognize that Hansen could ultimately be unfairly disadvantaged if his case goes before a jury and the jury is instructed that Hansen was not justified by either state or local law in traveling against traffic and was therefore negligent per se.

   Negligence per se, most often resulting from a statutory violation, is defined as "[n]egligence established as a matter of law, so that breach of the duty is not a jury question." Black's Law Dictionary 1057 (7th ed.1999). As we have stated, however, "[t]he violation of a statute does not necessarily constitute negligence per se and may be considered only as evidence of negligence.... [The violation] may be regarded as 'prima facie' evidence of negligence, but is subject to justification or excuse if the evidence is such that it reasonably could be found." *Child v. Gonda*, 972 P.2d 425, 432 (Utah 1998) (internal quotation omitted). Here, the existence of the conflicting Salt Lake City ordinance, even though invalid, would render jury consideration of the statute inappropriate. We thus direct that, on remand to the trial court, no jury instruction should be given regarding either party's legal negligence in this case.

5. Subsection (3) of the statute as it existed in 2000 also states that, where a "usable path for bicycles" is adjacent to the roadway, a bicyclist should use the bicycle path and not the roadway. *Id.* § 41–6–87(3). Hansen argued before the court of appeals that subsection (3) is a further exception to subsection (1) and that he was abiding by state law by riding in the marked bicycle lane. In response to this argument, the court of appeals concluded that a "bicycle path" is a path that is separate and distinct from the roadway and any bicycle lanes thereon. We agree with the court of appeals' interpretation of the term "bicycle path" in subsection (3).

*Kusse,* 93 P.2d at 673 (internal quotation omitted).

¶ 16 The ordinance at issue in this case states that "it is unlawful for operators of bicycles ... to ride upon the left-hand side of any street, *except when they are within a marked bicycle lane* or when riding upon a one-way street." Salt Lake City Code § 12.80.070(I) (emphasis added). By its plain language, this ordinance permits bicyclists to ride in *any* marked bicycle lane, whether the lane is located on the right side or the left side of the roadway. As discussed above, state law expressly requires bicyclists to ride on the right-hand side of the road, except under specific circumstances not applicable here. Utah Code Ann. § 41–6–87(1)(a)–(c). The law does not permit riding on the left-hand side of the road, even if the left-hand side contains a marked bicycle lane. Because the city ordinance permits what state law prohibits, the city ordinance conflicts with state law and is therefore invalid. We therefore agree with the court of appeals that "[t]o the extent that subsection one of Salt Lake City, Ut., Ordinance 12.80.070 permits the riding of a bicycle against the flow of traffic, it is invalid." [6] *Hansen v. Eyre,* 2003 UT App 274, ¶ 15, 74 P.3d 1182.

### III.  SALT LAKE CITY AS A PARTY

 ¶ 17 Hansen contends that the court of appeals erred by invalidating the city ordinance without joining Salt Lake City as a party pursuant to Utah's Declaratory Judgment Act, Utah Code Ann. §§ 78–33–1 to –13 (2002). Section 78–33–11 of the Act states:

> When declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration[.]  ... In any [declaratory judgment] proceeding which involves the validity of a municipal or county ordinance or franchise such municipality or county shall be made a party, and shall be entitled to be heard....

*Id.* § 78–33–11. In the instant action, however, petitioner's complaint was not a claim for declaratory relief under the Act. Rather, he requested a judgment against the defendant for the monetary damages he incurred as a result of the collision. Therefore, section 78–33–11 does not apply and it is not necessary that Salt Lake City be made a party to the case.

### CONCLUSION

¶ 18 We conclude that the court of appeals was correct in affirming the district court's denial of petitioner's motion for summary judgment because petitioner was not justified by law in riding his bicycle against the flow of traffic. State law prohibits bicycle travel against the flow of traffic, with few exceptions, none of which apply here. Insofar as a Salt Lake City ordinance allowed travel against the flow of traffic, this ordinance conflicted with state law and was invalid. Moreover, the court of appeals' decision did not implicate Hansen's due process rights because the decision did not deprive him of any property or liberty interests. Finally, Salt Lake City was not a necessary party in this action.

¶ 19 We affirm.

¶ 20 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.

---

**6.** Petitioner contends that the validity of Salt Lake City Code section 12.80.070 was not properly before the court of appeals and that the court thus erred in ruling on its validity. We disagree. Petitioner himself requested, in his summary judgment motion, that the district court hold that, *pursuant to Salt Lake City Ordinance 12.80.070,* he was justified in riding his bicycle on the left-hand side of the road. Although his motion did not request a ruling on the validity of the ordinance itself, it did request a ruling on the validity of his actions in reliance on the ordinance. Thus, the district court and the court of appeals correctly addressed the validity of the ordinance.