2005 UT App 66

SUMMIT WATER DISTRIBUTION COM-
PANY, a Utah nonprofit corporation;
Leon H. Saunders, an individual; Stuart
A. Knowles, an individual; Trilogy Lim-
ited, L.P., a Georgia limited partnership;
and Lynn Nelson, an individual, Plain-
tiffs and Appellants,

v.

MOUNTAIN REGIONAL WATER SPE-
CIAL SERVICE DISTRICT, a body poli-
tic of the State of Utah; Douglas W.
Evans, Assistant General Manager of
Mountain Regional Water Special Ser-
vice District; James W. Carbine, Gener-
al Manager of Mountain Regional Wa-
ter Special Service District; David E.
Hansen, Summit County District Engi-
neer; Steve Jenkins, Director of the
Summit County Health Department; the
Governing Board of Mountain Regional
Water Special Service District, Shauna
L. Kerr, Robert Richer, and Kenneth E.
Woolstenhulme, in their official capaci-
ties; and John Does 1–10, Defendants
and Appellees.

No. 20040091–CA.

Court of Appeals of Utah.

Feb. 17, 2005.

Clark K. Taylor, Robert S. Campbell, and
Scott M. Lilja, Van Cott Bagley Cornwall &
McCarthy, Salt Lake City, for Appellants.

Andrew M. Morse, Snow Christensen &
Martineau, Jody K. Burnett, and Robert C.
Keller, Williams & Hunt, Salt Lake City, for
Appellees.

Before Judges DAVIS, JACKSON, and
THORNE.

OPINION

DAVIS, Judge:

¶ 1 Summit Water Distribution Company;
Leon H. Sanders; Stuart A. Knowles; Trilo-
gy Limited, L.P.; and Lynn Nelson (collec-
tively, Summit Water) appeal the trial court's
determinations that Summit County was au-
thorized by the County Land Use Develop-
ment and Management Act (CLUDMA), see
Utah Code Ann. §§ 17–27–101 to –1003 (2001
& Supp.2004), to adopt Ordinance No. 436

and, therefore, that Summit Water's complaint was untimely under the appeals provision of CLUDMA, *see* Utah Code Ann. § 17–27–1001 (Supp.2004).

### BACKGROUND

¶ 2 In November 2002, Summit County promulgated Ordinance No. 436, which requires all public and private water suppliers within Summit County to file annual supply/demand studies. Among other requirements, the supply/demand study should detail the water company's currently available water rights, water source capacity, reserve source capacity, storage capacity, system capacity, outstanding commitment-for-service letters, current number of service connections, and surplus capacity.

¶ 3 Summit County adopted Ordinance No. 436 to ensure that building permits will not be issued for new construction unless a physical water supply currently exists to serve the new connections. A new customer of a water supplier must obtain a commitment-of-service letter from the water supplier as a condition to the issuance of a building permit. Under Ordinance No. 436, a water supplier may not issue a commitment-of-service letter to a customer unless the water supplier, as certified by the Summit County District Engineer (District Engineer) with the concurrence of the Director of the Summit County Health Department (Health Director), has the present ability to deliver physical water in the quantities, at the pressure, and of the quality required by the ordinance and State regulations.

¶ 4 On January 31, 2003, Mountain Regional Water Special Service District (Mountain Regional) filed an annual supply/demand study pursuant to Ordinance No. 436. On March 3, 2003, the District Engineer recommended approval of Mountain Regional's supply/demand study. The next day, the Health Director approved the study.[1]

¶ 5 Ordinance No. 436 states that it was passed pursuant to CLUDMA,[2] which requires that challenges to a county's land use decision be filed in the district court within thirty days after the local decision is rendered. *See* Utah Code Ann. § 17–27–1001(1), (2)(a) (Supp.2004).[3] This notwithstanding, Summit Water did not file its complaint against Mountain Regional and Summit County in the district court until June 26, 2003. Summit Water generally challenged the approval of Mountain Regional's study, claiming that the study was "false, fraudulent, deceitful[,] and misrepresented Mountain Regional's ability to provide water to new, and even existing, customers in the Snyderville Basin." Summit Water's complaint sought mandamus and injunctive relief, under subsections (a) and (d) of rule 65B of the Utah Rules of Civil Procedure, against Mountain Regional and its managers and governing board, requiring Mountain Regional to file a true and accurate supply/demand study. Summit Water also sought mandamus and injunctive relief against the District Engineer and the Health Director, "requiring those individuals to perform their obligations under Ordinance No. 436 to investigate, analyze[,] and review" Mountain Regional's supply/demand study to determine its accuracy.

¶ 6 Defendants moved to dismiss this action under rule 12(b)(6) of the Utah Rules of Civil Procedure. Defendants asserted that the relief sought by Summit Water was inappropriate because Summit Water did not avail itself of other plain, speedy, and adequate remedies. More specifically, Defendants argued that Summit Water had the right to petition for review of Summit County's decisions pursuant to the express terms of Ordinance No. 436 and under section 17–27–1001 of CLUDMA. *See* Utah Code Ann. § 17–27–1001(1), (2)(a).

---

**1.** At oral argument, Summit Water acknowledged that it had actual notice of the Health Director's approval within the thirty days following his decision.

**2.** Ordinance No. 436 states that the Board of County Commissioners is authorized pursuant to CLUDMA, *see* Utah Code Ann. §§ 17–27–101 to –

1003 (2001 & Supp.2004), "to adopt an ordinance establishing these zoning regulations."

**3.** It is undisputed that the "local decision," Utah Code Ann. § 17–27–1001(2)(a) (Supp.2004), was the Health Director's March 4, 2003 approval of Mountain Regional's supply/demand study.

¶ 7 On December 29, 2003, the district court dismissed the action under rule 12(b)(6). The court observed that Mountain Regional is not "an administrative agency or inferior tribunal, or officer exercising judicial functions under [r]ule 65B" of the Utah Rules of Civil Procedure; "mandamus does not exist to allow a court to direct the exercise of the court's discretion onto an agency or other decision maker"; Summit County's approval of Mountain Regional's supply/demand study was a land use decision within the ambit of CLUDMA; and mandamus is an extraordinary remedy that is not to be used when there is another remedy. Having determined that Ordinance No. 436 was promulgated under the authority granted to the county by CLUDMA and that Summit Water's complaint was a petition for review of a land use decision under Ordinance No. 436, the court concluded that Summit Water's complaint was untimely pursuant to section 17–27–1001 of CLUDMA. *See* Utah Code Ann. § 17–27–1001(1), (2)(a).

¶ 8 Summit Water appeals only the court's determinations that Ordinance No. 436 was promulgated under the authority of CLUDMA, and that Summit Water's complaint, therefore, was untimely under CLUDMA.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 9 Summit Water argues that Summit County Ordinance No. 436 goes beyond any authority granted to Summit County under CLUDMA; therefore, Summit Water's complaint should not have been dismissed because of CLUDMA's thirty-day limitation on challenges to land use decisions. *See* Utah Code Ann. § 17–27–1001(1), (2)(a) (Supp.2004). "We review questions of statutory interpretation for correctness, giving no deference to the district court's interpretation. Our aim in construing a statute is to give effect to the legislature's intent in light of the purpose the statute was meant to achieve." *Board of Educ. v. Sandy City Corp.,* 2004 UT 37,¶ 8, 94 P.3d 234 (citation omitted).

4. It is undisputed that Ordinance No. 436 may be enacted pursuant to Summit County's general

## ANALYSIS

¶ 10 Summit Water asserts that Summit County was not authorized by CLUDMA to adopt Ordinance No. 436, which Summit Water argues regulates water rather than land use. In addition, Summit Water argues that the comprehensive State regulation of water, including the establishment of drinking water standards, precludes a determination that Summit County is authorized to regulate water under CLUDMA.[4]

■ ¶ 11 Given the limited reach thereof, we cannot conclude that Ordinance No. 436 falls outside the scope of land use ordinances authorized by CLUDMA. Although Summit Water argues that nothing in CLUDMA purports to bestow on Summit County the authority to regulate water rights, appropriation of water rights, water source capacity, or water facilities as land use decisions, we conclude that CLUDMA contemplates county land use ordinances that may affect and be affected by water availability within the county. *See* Utah Code Ann. § 17–27–301(1)(a)–(b), (2)(c)(i) (Supp.2004) (requiring, in relevant part, each county to prepare a comprehensive general plan for "the present and future needs of the county" and "the growth and development of the land within the county," which plan may provide for "the efficient and economical use, conservation, and production of the supply of . . . food and *water*" (emphasis added)).

¶ 12 Section 17–27–102 of the Utah Code, which defines the purpose of CLUDMA, states that "counties may enact all ordinances, resolutions, and rules that they consider necessary for the use and development of land within the county." Utah Code Ann. § 17–27–102(1) (2001). CLUDMA allows counties "to provide for the health, safety, and welfare" of its "present and future inhabitants," and to "protect both urban and nonurban development" and "property values." *Id.* In *Toone v. Weber County,* 2002 UT 103,¶ 7, 57 P.3d 1079, the court discussed the scope of CLUDMA. The court stated that "CLUDMA gives counties the power to regu-

police powers.

late land use through the enactment of ordinances and regulations, and through the granting of permits relating to zoning and subdivisions." *Id.*

¶ 13 Although it is hard to imagine a land use decision in Utah that does not, in some way, involve water, we are unaware of Utah law explicitly declaring that zoning ordinances and subdivision regulations may encompass water decisions. Accordingly, we look to treatises and other jurisdictions for guidance. "A permissible basis for land use restrictions includes concern about the demand for city services." 83 Am.Jur.2d. *Zoning and Planning* § 62 (2003). "Zoning ordinances which tend to insure that essential services, such as water supply, ... will be provided, have been sustained." *Id.* Courts have upheld zoning and land use ordinances that in various ways have included water issues. *See, e.g., Moviematic Indus. Corp. v. Board of County Comm'rs,* 349 So.2d 667, 669 (Fla.Dist.Ct.App.1977) ("Zoning regulations which are reasonably related to the adequacy of governmental services fall within the established purpose of the public health, safety[,] and welfare; water supply relates clearly to the public health. Therefore, zoning ordinances have been sustained because of their tendency to insure that such essential governmental services as water supply will be provided.").

¶ 14 In addition to specifically relying on the authority of CLUDMA, Ordinance No. 436, by its own terms and in effect, is "an ordinance providing for the establishment and imposition of zoning regulations regulating the approval of subdivision plats and building permits in the Snyderville Basin planning district of Summit County." The ordinance "recognizes that the health, safety[,] and welfare of the inhabitants of the Snyderville Basin, depend in large part, on the availability of drinking water and the reliability of the [w]ater [s]uppliers." Therefore, in order to protect property owners' ability to obtain water and "to preserve the marketability of the property," Summit County determined that "building permits should not be issued for new construction unless the physical water supply then currently exists to serve the new connection."

Having reviewed both Ordinance No. 436 and CLUDMA, we determine that Summit County was authorized to adopt Ordinance No. 436 pursuant to CLUDMA.

¶ 15 We also disagree with Summit Water's assertion that Ordinance No. 436 could not be adopted pursuant to CLUDMA because the State has preempted the regulation of water. Summit Water asserts that "[i]n addition to the comprehensive regulation of, and policy regarding, water under Title 73 of the Utah Code, extensive State regulation of culinary water and the provision of culinary water also exists under the Safe Drinking Water Act," *see* Utah Code Ann. §§ 19–4–101 to –112 (2003). Moreover, Summit Water submits that under authority of the Safe Drinking Water Act, the Division of Drinking Water has promulgated "voluminous detailed regulations governing the quality and quantity of drinking water sources and the design and operation of drinking water facilities and systems."

■ ¶ 16 In addressing whether a state statute preempts a local government act or common law, Utah courts have looked at the preemption model of the United States Supreme Court for guidance. *See Gilger v. Hernandez,* 2000 UT 23, ¶ 11, 997 P.2d 305. This model provides:

"[i] Sometimes courts, when facing the pre-emption question, find language in the ... statute that reveals an explicit [legislative] intent to pre-empt [common] law. [ii] More often, explicit pre-emption language does not appear, or does not directly answer the question. In that event, courts must consider whether the ... statute's 'structure and purpose,' or nonspecific statutory language, nonetheless reveal a clear, but implicit, pre-emptive intent. [a] A ... statute, for example, may create a scheme of [statutory] regulation 'so pervasive as to make reasonable the inference that [the legislature] left no room for the [common law] to supplement it.' [b] Alternatively, [statutory] law may be in 'irreconcilable conflict' with [the common] law. Compliance with both ..., for example, may be a 'physical impossibility,' or, [c] the [common] law may 'stand as an obstacle to the accomplishment and execution of the

full purposes and objectives of the [the legislature].' "

*Id.* (alterations in original) (quoting *Barnett Bank of Marion County v. Nelson,* 517 U.S. 25, 31, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996)).

¶ 17 We find nothing in the Utah Code that expresses either an explicit or implicit intent to preempt local attempts, like Summit County's, to regulate water. Neither do we find Ordinance No. 436 to be in conflict with State water law. In fact, section 19–4–110 of the Safe Drinking Water Act indicates that the legislature expressly allowed for local control over water supply systems. *See* Utah Code Ann. § 19–4–110. Section 19–4–110 states, "Nothing in this chapter alters the authority of local jurisdictions to control water supply systems within the local jurisdiction provided that any local laws, ordinances, or rules and regulations are not inconsistent with this chapter and rules made under authority of this chapter." *Id.*

## CONCLUSION

¶ 18 We conclude that the trial court correctly determined that Ordinance No. 436 was promulgated under the authority of CLUDMA. Therefore, to the extent that Summit County's complaint is barred under CLUDMA, we affirm.[5]

¶ 19 WE CONCUR: NORMAN H. JACKSON and WILLIAM A. THORNE JR., Judges.

---

**5.** Because the sole issue on appeal is whether Ordinance No. 436 is authorized by CLUDMA, thereby rendering Summit Water's complaint untimely thereunder, we do not determine whether mandamus is or may be an appropriate remedy, or what other remedies may or may not be available to Summit Water.