2007 UT App 67

**STATE of Utah, in the interest of L.N., a person under eighteen years of age.**

**S.K. and J.K., Appellants,**

**v.**

**State of Utah, Appellee.**

**No. 20060302–CA.**

Court of Appeals of Utah.

March 1, 2007.

Rehearing Denied April 2, 2007.

Scott L. Wiggins, Arnold & Wiggins PC., Salt Lake City, and Daniel G. Shumway, Layton, for Appellants.

Mark L. Shurtleff, atty. gen., and Annina M. Mitchell, Utah Solicitor General, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before GREENWOOD, Associate P.J., DAVIS and THORNE, JJ.

## OPINION

THORNE, Judge:

¶ 1 S.K. and J.K. (Grandparents) appeal from the juvenile court's Shelter Findings, Conclusions and Order requiring them to pay child support for their granddaughter, L.N., pursuant to Utah Code section 78–3a–906(1). *See* Utah Code Ann. § 78–3a–906(1) (Supp. 2006). We affirm.

## BACKGROUND

¶ 2 L.N., born on September 13, 1990, is the natural daughter of T.T. and A.T. Grandparents are L.N.'s paternal grandparents.

¶ 3 In 1995, an Oregon court awarded full legal and physical custody of L.N. and her younger sister to Grandparents. In November 2005, Grandparents placed L.N. in the care of family friend N.Y. due to behavioral problems. Grandparents intended for N.Y. to adopt L.N. Grandparents signed a document at this time entitled Temporary Custody and Control of L.N. but did not file the document with any court.

¶ 4 N.Y. had trouble caring for L.N., and in March 2006 she slapped L.N. in the face, splitting her lip. N.Y. contacted law enforcement about the incident, and L.N. was re-

moved from N.Y.'s home and placed in the protective custody of the Division of Child and Family Services (DCFS).

¶ 5 The juvenile court held a shelter hearing on March 16, 2006, and adjudicated L.N. a dependent child. The juvenile court placed L.N. "in the custody and guardianship of [DCFS] for appropriate placement." The juvenile court also ordered Grandparents to pay child support. Grandparents objected to the child support order at the hearing, arguing that they should not be required to pay support as they were no longer L.N.'s guardians. Grandparents now appeal the juvenile court's child support order.

## ISSUE AND STANDARD OF REVIEW

¶ 6 Grandparents argue that the juvenile court misinterpreted and misapplied Utah Code section 78–3a–906(1) when it ordered them to pay child support for L.N. " 'We review questions of statutory interpretation for correctness, giving no deference to the district court's interpretation.' " *Summit Water Distrib. Co. v. Mountain Reg'l Water Special Serv. Dist.*, 2005 UT App 66, ¶ 9, 108 P.3d 119 (quoting *Board of Educ. v. Sandy City Corp.*, 2004 UT 37, ¶ 8, 94 P.3d 234).

## ANALYSIS

¶ 7 Grandparents' primary argument on appeal is that Utah Code section 78–3a–906[1] requires the signing of an "agreement for a guardianship subsidy" as a prerequisite or condition precedent to the juvenile court's imposition of child support against them. Utah Code Ann. § 78–3a–906(1). We decline to address this argument as Grandparents failed to preserve the issue below. " '[I]n order to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue.' "

*438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (alterations in original) (quoting *Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 14, 48 P.3d 968). Here, Grandparents did not raise the guardianship subsidy agreement issue before the juvenile court, effectively waiving that issue for appeal. *See id.* ("Issues that are not raised at trial are usually deemed waived.").

¶ 8 Grandparents also briefly argue that the juvenile court did not provide them with oral and written notice of its child support order at the shelter hearing as required by Utah Code section 78–3a–906. *See* Utah Code Ann. § 78–3a–906(1) ("In the same proceeding the court shall inform the parents, a parent, or any other obligated person, verbally and in writing, of the requirement to pay child support in accordance with Title 78, Chapter 45, Uniform Civil Liability for Support Act."). The juvenile court made its child support decision on the record at the shelter hearing, providing Grandparents with oral notice that they would be required to pay child support for L.N. Further, Grandparents were served with the written notice required by the statute shortly after the shelter hearing. This oral and written notice appears to substantially fulfill the statute's requirements, and Grandparents have identified no harm to their interests resulting from any technical deficiency in the notice provided to them.[2] Accordingly, we will not disturb the juvenile court's order on this ground. *See, e.g., In re S.H.*, 2005 UT App 324, ¶ 14, 119 P.3d 309 (applying harmless error analysis to affirm the juvenile court).

¶ 9 Finally, Grandparents attempt to avoid the child support order by arguing that they are no longer "obligated person[s]" within the meaning of the statute because the juvenile court placed L.N. in the State's custody. Utah Code Ann. § 78–3a–906(1).

---

1. Utah Code section 78–3a–906 states, in relevant part:

   When legal custody of a child is vested by the court in a secure youth corrections facility or any other state department, division, or agency other than the child's parents, or if the guardianship of the child has been granted to another party and an agreement for a guardianship subsidy has been signed by the guardian, the court shall order the parents, a parent, or any

other obligated person to pay child support for each month the child is in custody.
Utah Code Ann. § 78–3a–906(1).

2. We further note that Grandparents could have raised the issue of insufficient notice at the hearing, allowing the juvenile court to fulfill the statute's formal requirements before concluding the hearing.

Grandparents provide no reasoned argument or authority for this proposition in their appellate brief, and we decline to address it here. *See Smith v. Four Corners Mental Health Ctr., Inc.,* 2003 UT 23, ¶ 46, 70 P.3d 904 (noting that we may decline to review an argument imposing on us the burden of argument and research). Similarly, we do not consider the effect, if any, of the juvenile court's crossing out the word "temporary" in its written order,[3] as Grandparents alerted us to this fact only at oral argument. *See State v. Babbell,* 770 P.2d 987, 994 (Utah 1989) ("It is generally inappropriate to raise issues at oral argument that have not been designated as issues on appeal in a docketing statement or in the briefs."); *cf. Eddy v. Albertson's, Inc.,* 2001 UT 88, ¶ 21, 34 P.3d 781 (rejecting consideration of matters not raised in party's initial appellate brief).

## CONCLUSION

¶ 10 Grandparents have identified no error in the juvenile court's order requiring them to pay child support for L.N. Accordingly, we affirm the order of the juvenile court.[4]

¶ 11 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, and JAMES Z. DAVIS, Judge.

---

3. Grandparents suggested for the first time at oral argument that the juvenile court's removal of the word "temporary" from its written order effectively converts the order to one of permanent custody. However, at the shelter hearing, the juvenile court expressly rejected Grandparents' request that L.N.'s custody with the State be made permanent.

4. Nothing in this opinion is intended to preclude Grandparents from seeking to terminate their guardianship and support obligation relating to L.N. through an appropriate motion or other proceeding before the juvenile court, if such termination is warranted.